FIDELITY-BALTIMORE NATIONAL BANK & TRUST COMPANY ET AL. *v.* JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY

(Two Appeals in One Record)

[No. 279, September Term, 1957.]

368

*Decided June 18, 1958.*

The cause was argued before HENDERSON, HAMMOND, PRESCOTT and HORNEY, JJ.

*Gordon C. Murray,* with whom was *Robert D. Bartlett* on the brief, for the appellants.

*Harry Adelberg,* with whom was *Barnett L. Silver* on the brief, for the appellee.

PRESCOTT, J., delivered the opinion of the Court.

This is the second appeal in this case. The former appeal is reported as *John Hancock v. Fid.-Balto. Bank,* 212 Md. 506, and involved three separate but consolidated cases, two

only of which are embraced in the present appeal. There was no dispute as to the facts in the first appeal, and, likewise, there is none here. The stipulated facts are fully set forth in the former opinion; so, they will be summarized here. The suits arise out of the fraudulent acts of one Robert J. Wright, who, at the time, was employed by the appellee as manager of its Baltimore office. Mr. Wright presented false claims in behalf of fictitious claimants on insurance policies in effect with the appellee. It, having no knowledge of the deception, issued checks drawn to the order of fictitious claimants, in payment of these false claims. Some of these checks were drawn on the Fidelity Trust Company and the remainder on two banks located in Boston, and all were forwarded to Wright in Baltimore. Wright forged the indorsements of the fictitious payees on the back of each check, and immediately below the forged indorsement, he indorsed each check with another of three certain assumed names in which he maintained separate checking accounts, two at the Calvert Bank and one at the Equitable Trust Company. Having fraudulently indorsed the checks, he took them to the last mentioned banks, deposited them in one of the accounts which he carried therein under the assumed names, and shortly thereafter checked the money out. These banks, in turn, indorsed the checks with their names, guaranteeing all prior indorsements, and collected the face amount of each check from the bank upon which it was drawn. As soon as the appellee discovered the fraud, all parties were notified. Without stating more of the details, the present cases were brought by the appellee as the drawer of the checks against the appellants as *collecting* banks that had cashed or deposited the checks that had forged indorsements upon them, indorsed the checks, themselves, and guaranteed all prior indorsements, and collected the face value of the checks from the drawee banks.

In the first appeal, the trial court had sustained demurrers to the *same declarations* involved herein. In that appeal, as here, there was no factual dispute. The demurrers not only admitted the facts well pleaded, but the facts were conceded by the then appellees (appellants now). After this

Court had held that the demurrers were improperly sustained, the present appellants entered into a stipulation of facts that admits every material allegation of fact contained in the declarations. The Constitution of this State, Article IV, section 15, provides that the judgment of this Court shall be "final and conclusive." After we had determined that the facts as stated in the declarations were sufficient to state causes of action, it should be obvious that those same facts, when agreed upon by stipulation of the parties and filed in the cases, entitled the appellee, upon proper motion, to summary judgments, which the trial judge properly entered. *Moodhe v. Schenker,* 176 Md. 259, 267.

The appellants, however, attempt to raise two questions on this appeal. The first, they state in this manner: "Is a collecting bank liable to the drawer of a check issued to a fictitious payee, such fact being unknown to the drawer and such check bearing a forged indorsement?" The second is the so-called "Impostor Rule," which they claim constitutes a bar against the appellee's recovery. This is an effort on the part of the appellants to reintroduce the first issue and to present the second for the first time in this appeal. The first question was raised in the former appeal and it was specifically answered in 212 Md., pp. 514, 515. There we quoted from *Nat. Union Bank v. Miller Rubber Co.,* 148 Md. 449, to show that a payee of a check under similar circumstances as those here presented could bring suit and recover from a collecting bank. We were and are unable to discover any difference in principle between a payee and a drawer of a check under such circumstances. Courts in other jurisdictions have cited the *Miller* case as authority for holding in favor of the drawer against collecting or casher-of-checks banks. *Home Indemnity Co. etc. v. State Bank of Fort Dodge* (Iowa), 8 N. W. 2d 757; *New York Casualty Co. v. Sazenski* (Minn.), 60 N. W. 2d 368. The second issue was not raised in the former appeal, but there can be no doubt that it was available in that proceeding as a ground to sustain the demurrers, if it be available here to defeat the judgments obtained by the appellee.

It is the well-established law of this state that litigants

cannot try their cases piecemeal. They cannot prosecute successive appeals in a case that raises the same questions that have been previously decided by this Court in a former appeal of that same case; and, furthermore, they cannot, on the subsequent appeal of the same case raise any question that could have been presented in the previous appeal on the then state of the record, as it existed in the court of original jurisdiction. If this were not so, any party to a suit could institute as many successive appeals as the fiction of his imagination could produce new reasons to assign as to why his side of the case should prevail, and the litigation would never terminate. Once this Court has ruled upon a question properly presented on an appeal, or, if the ruling be contrary to a question that could have been raised and argued in that appeal on the then state of the record, as aforesaid, such a ruling becomes the "law of the case" and is binding on the litigants and courts alike, unless changed or modified after reargument, and neither the questions decided nor the ones that could have been raised and decided are available to be raised in a subsequent appeal. *Moodhe v. Schenker, supra; Smith v. Shaffer,* 50 Md. 132; *Pasarew Constr. Co. v. Tower Apts.,* 208 Md. 396, 402; *Plank v. Summers,* 205 Md. 598, 602; *Carter v. City of Baltimore,* 197 Md. 507, 513; *Cohill v. Canal Co.,* 177 Md. 412, 421; *Baltimore v. Linthicum,* 170 Md. 245, 249; *Chayt v. Board of Zoning Appeals,* 178 Md. 400, 403, 404. We think that both questions that are attempted to be raised by the appellants in this appeal have been settled.

*Judgments affirmed, with costs.*