614 A.2d 984

Charles T. KLINE

v.

Marlene A. KLINE.

No. 1590, Sept. Term, 1991.

Court of Special Appeals of Maryland.

Oct. 28, 1992.

Natalie H. Rees, Baltimore, for appellant.

Richard D. Rosenthal (Joseph N. Karey, on the brief), Baltimore, for appellee.

Argued before GARRITY, BLOOM and CATHELL, JJ.

GARRITY, Judge.

On November 20, 1989, the Circuit Court for Anne Arundel County (Lerner, J.) entered a decree of absolute divorce terminating the 18 month marriage of Charles Kline, appellant, and Marlene Kline, appellee. The trial court made a determination that their marital home and family business, B & M Video, were marital properties. The court also determined issues pertaining to alimony, division of property, contribution, and attorneys' fees. Specifically, appellant was ordered to pay to appellee $25 per month for one year as alimony, repayment of a $4,000 loan to appellant's sister was to be paid equally by the parties, and appellee was awarded counsel fees of $1,000. Moreover, the lower court ordered the marital debts to be paid from the combined proceeds of the sale of B & M Video and the marital home.

Both parties appealed to this court. We affirmed that portion of the judgment ordering the sale of the marital home and the business and the repayment of a $4,000 loan to appellant's sister;[1] however, we reversed the alimony and counsel fees awards and the equitable distribution of marital property.[2] 85 Md.App. 28, 581 A.2d 1300.

On remand, the lower court found the marital home to be only partly marital property. Additionally, the court determined that the business was jointly owned and subject to sale in lieu of partition. Moreover, the court ordered that the business was to be sold, all creditors be paid, and the

---

**1.** *Kline v. Kline,* 85 Md.App. 28, 581 A.2d 1300 (1990).

**2.** Mortgage payments on jointly owned real property made by husband deemed Crawford credits. *Crawford v. Crawford,* 293 Md. 307, 443 A.2d 599 (1982).

remaining balance be divided equally between the parties. The court's holding, however, was subject to the following adjustments: the "Crawford Contribution" credit to Mr. Kline for the mortgage payments totaled $13,000, and Mr. Kline was thus to be awarded half of that sum, or $6,500; Mrs. Kline was to be awarded $1,500 in counsel fees, but she was denied alimony.

In January, 1986, six months after the marriage, Mr. and Mrs. Kline purchased a small video store, which the parties named B & M Video.[3] The purchase price of the business was $48,000. Financing was derived from $28,000 of husband's non-marital funds (proceeds of life insurance policy on his first wife) and $20,000 from a home equity loan, for which both parties signed. Subsequently, the parties borrowed $4,000 from Mr. Kline's sister to purchase more inventory. The trial court found that the business had a total value of $22,000 and the marital debts exceeded $24,-000; thus, B & M Video had zero value as marital property. More importantly, the chancellor found, and this court later affirmed, that the business was jointly owned and subject to sale in lieu of partition.

On remand, the trial court recognized that, although Mrs. Kline's name was not on the Bill of Sale or the Articles of Incorporation, it could not go back to revise an enrolled decree more than 30 days after entry of judgment except where fraud, mistake, or irregularity existed. Md.Rule 2-535(b). Additionally, the lower court found that Mr. Kline's counsel had stipulated that the business was jointly owned.

Upon this second appeal, appellant raises the sole contention of:

Whether the trial court erred in ordering the sale of an allegedly solely owned marital property [B & M Video] as part of an equitable distribution of marital property.

---

**3.** "B & M" stands for "Butch," Mr. Kline's nickname, and "Marlene," Mrs. Kline's first name.

## BUSINESS SOLD IN LIEU OF PARTITION
## LAW OF THE CASE

■ The law of the case doctrine provides that once a decision is established as the controlling legal rule of decision between the same parties in the same case it continues to be the law of the case. 21 C.J.S. § 195 at 330 (1940). Specifically, a ruling by an appellate court upon a question becomes the law of the case and is binding on the courts and litigants in further proceedings in the same matter.

■ Neither questions that were decided nor questions that could have been raised and decided on appeal can be relitigated. *Fidelity–Baltimore Nat'l Bank & Trust Co. v. John Hancock Mut. Life Ins. Co.*, 217 Md. 367, 142 A.2d 796 (1958). This rule, however, is subject to the power of the court to disregard or correct its former decision after reargument. As explained by the Court of Appeals in *Fidelity*, 217 Md. at 372, 142 A.2d 796:

Once this Court has ruled upon a question properly presented on an appeal, or, if the ruling be contrary to a question that could have been raised and argued in that appeal on the then state of the record, as aforesaid, such a ruling becomes the "law of the case," and is binding on the litigants and courts alike, unless changed or modified after reargument, and neither the questions decided nor the ones that could have been raised and decided are available to be raised in a subsequent appeal.

■ The case at bar involves whether the law of the case doctrine applies to the order to sell the business. The lower court found that the business was jointly owned and subject to partition or sale. On appeal, this Court held:

We shall affirm that part of the judgment ordering the sale of the home and the business, because they are jointly owned properties subject to partition or sale in lieu thereof by virtue of Sec. 8–202(b)(2) of the Act.

*Kline v. Kline*, 85 Md.App. at 52, 581 A.2d 1300.

Appellant contends, on this second appeal, that he is the sole owner of the business and, thus, the trial court is

without authority to transfer legal title. Appellant's contention, however, is unsound and belated. The lower court found, by stipulation, that the business was jointly owned and conducted:

> Thus, the factual finding upon which the judgment shall be based, is that the business was jointly-owned and subject to sale in lieu of partition. The business shall be sold, all creditors are to be paid, and the remaining balance divided equally between the parties.

Indeed, the issue of ownership of the business has been determined by this Court.[4] Thus, we hold that the law of case doctrine requires the trial judge to order the sale of the business.

We next consider residual issues determined by the trial court on remand.

### Crawford Credits

■ On our behalf in *Kline I, supra,* Judge Bloom observed:

> We note, however, that as expressed by the court the amount of the contribution award was excessive. The post separation mortgage payments made by the husband totaled $6,500 ...

*Id.* at 50, 581 A.2d 1300.

Upon remand, the lower court, absent statutory authority, found the following:

> This Court is once again, however, on remand, going to award a "Crawford Contribution" to Mr. Kline, for money that he spent on the mortgage payments after the parties separated. The amount will be the same amount [$13,-000] which was awarded at the first hearing. It should be noted that the Court of Special Appeals was mistaken when it held that the post separation mortgage payments made by the husband totaled $6,500. This Court found at the trial that the post separation mortgage payments

---

4. *Kline I, supra,* 85 Md.App., at 52, 581 A.2d 1300.

totaled $13,000. Thus, this Court was correct when it awarded Mr. Kline half of that sum, or $6,500.

The law of the case doctrine once again applies in this context. The lower court's judgment to usurp this Court's holding in relation to the "Crawford Contribution" is a distinct breach of its authority. This appellate court's decision in *Kline I* is the law of the case and binding on the circuit court, as well as the parties. Although the decision may have been a miscalculation, based upon a failure of counsel to articulate the facts clearly and the absence of any articulated finding by the chancellor as to the amount of money Mr. Kline had spent on mortgage payments, a party prejudicially affected by the asserted error may not attempt to "correct" the error by relitigating the matter in a subsequent trial. Once decided, a question of law will not be reconsidered in the same case except on a motion for a hearing. *Id.* Once the decision was enunciated by the Court in *Kline I*, it became the law of the case. *MPTH v. Dept. Finance*, 308 Md. 674, 521 A.2d 757 (1987); *Director v. Walker*, 39 Md.App. 298, 385 A.2d 806 (1978). Appellant had an avenue for relief to correct the alleged miscalculation by filing a Motion for Reconsideration under Maryland Rule 8–605.[5] He failed to avail himself of that remedy.

Accordingly, the decision in *Kline I* that Mr. Kline made a total of $6,500 in post-separation mortgage payments is the law of the case, which cannot be altered by the lower court.

### Option to Purchase Business or Real Property in Lieu of Partition Sale

■ Appellee contends that the lower court, upon remand, is without authority to grant either party the option to purchase the business or home in lieu of partition as

---

5. Rule 8–605 provides, in pertinent part:
   [A] party may file pursuant to this Rule a motion for reconsideration of a decision by the Court that disposes of the appeal. The motion shall be filed (1) before issuance of the mandate or (2) within 30 days after the filing of the opinion of the Court, whichever is earlier.

affirmed by this court. We believe this contention is sound. In *Kline I*, we affirmed the sale of the marital business and home. In its opinion and order upon remand, however, the lower court granted each party the options to purchase at set prices the business and/or marital home ordering that:

> Within 30 days from the date of this judgment, either party may purchase the interest of the other in either item of marital property for a minimum sum of $110,000 for the marital home and $22,000 for B & M Video.

The court cannot transfer property or title. Family Law Article Sec. 8–202(a)(3); *Blake v. Blake*, 81 Md.App. 712, 569 A.2d 724 (1990). The court's authority to grant an option to purchase marital property to either co-tenant *at a fixed price* is unfounded in Maryland law. There may very well be a need for greater flexibility in fashioning equitable remedies as to disposition of marital property. Thus far, however, this Court is unaware of any authority that allows the lower court to apply a fixed price. The very purpose of the statute authorizing a sale of property in lieu of partition is to minimize loss or injury to the parties. Md.Real Prop. Code Ann. § 14–107(a); *Lentz v. Dypsky*, 49 Md.App. 97, 430 A.2d 109 (1981). Indeed, the lower court's subsequent grant of an option to purchase the properties at a fixed price undermines the equitable purpose of the sale that the lower court had previously ordered. Accordingly, the real property and business are to be sold in lieu of partition and the net proceeds distributed in accordance with Maryland Statutes and Rules.[6]

### *Alimony*

■ Appellee asseverates that the chancellor abused his discretion in denying her alimony. Currently, the principal function of alimony is rehabilitation. In *Holston v. Holston*, 58 Md.App. 308, 531, 473 A.2d 459 (1984), Judge Bloom, speaking on our behalf, stated:

---

6. Real Property Article 14–107 and Maryland Rule BJ.

[W]hen awarding alimony, the chancellor is required to consider not only those factors relating to the financial situation, age and health of each party, their standards of living, the duration of marriage and the contribution of each party to its well being but also the ability of the party seeking alimony to be wholly or partially self-supporting ...

In the case *sub judice*, the chancellor granted appellee alimony of $25 per month for one year. On remand, the lower court, due to the change in circumstances and because the alimony awarded was minimal, did not award alimony to appellee. Under the present circumstances, the chancellor's failure to award alimony was not a clear abuse of discretion.

JUDGMENT AFFIRMED IN PART AND REVERSED IN PART;

CASE REMANDED TO CIRCUIT COURT FOR ANNE ARUNDEL COUNTY FOR FURTHER PROCEEDINGS IN ACCORDANCE WITH THIS OPINION;

THREE-FOURTHS COSTS TO BE PAID BY APPELLANT;

ONE-FOURTH COSTS TO BE PAID BY APPELLEE.