769 A.2d 263

**Charles H. ROANE**

v.

**WASHINGTON COUNTY HOSPITAL, et al.**

**No. 00153, Sept. Term, 2000.**

Court of Special Appeals of Maryland.

March 29, 2001.

584

Mark A. Cronin (Cronin & Scardino, on the brief), Fort Washington, PA, for appellant.

Michael I. Joseph (S. Allen Adelman and Godard, West & Adelman, on the brief, for appellee, Washington Co. Hospital), Rockville; Conrad W. Varner (Varner, Kaslick & Goundry, on the brief, for appellee, Abdullah), Frederick, for appellees.

Argued before HOLLANDER, SONNER, and RAYMOND G. THIEME, Jr. (Retired, specially assigned), JJ.

SONNER, Judge.

The procedural questions raised in this appeal stem from a medical malpractice claim. Appellant, Charles H. Roane, alleged that appellees, Washington County Hospital and Dr. A.F. Abdullah, injured his right arm during surgery for his carpal tunnel syndrome. The Circuit Court for Washington County dismissed the claim pursuant to the law of the case doctrine. We affirm the dismissal, but for the reason that res judicata barred the claim.

## Background

Roane filed his first medical malpractice complaint on April 29, 1996 in the U.S. District Court for the District of Maryland. The claim was docketed as Civil Action No. B–96–1322. Appellees moved to dismiss the complaint because Roane failed to submit it for arbitration as required by Maryland Code, Courts and Judicial Proceedings Article, § 3–2A–04, and *Davison v. Sinai Hospital*, 462 F.Supp. 778 (D.Md.1978), *aff'd*, 617 F.2d 361 (4th Cir.1980). Roane then voluntarily dismissed the complaint, pursuant to Federal Rule of Civil Procedure 41(a)(1)(i).

Roane refiled the claim in the Maryland Health Claims Arbitration Office on September 9, 1996. Following nearly two years of discovery, the parties agreed to waive arbitration

and to pursue the matter in the Circuit Court for Washington County. True to his original instinct, however, on September 21, 1998, Roane filed the second complaint in the federal district court, not the State circuit court. This complaint was docketed as Civil Action No. CCB–98–3191. It mirrored the first federal complaint.

Appellees moved to dismiss the second complaint on the ground that Roane's filing in federal court contravened the forum selection clause of the parties' waiver agreement, which set the case for State circuit court. They requested dismissal of the action, or, in the alternative, transfer of the case to the State court. Following a conference call with the parties, the district court accepted appellees' argument and, on December 9, 1998, ordered the case "[t]ransferred to the Circuit Court for Washington County." The circuit court "received" the case and designated it as Civil Action No. 21–C–98–005882 OT. The parties construed this transfer as a de facto refiling of the suit in State court.

At this point, the case proceeded on two different tracks. Roane pursued the claim in federal court by appealing the district court's transfer. In circuit court, he moved, unsuccessfully, to stay the circuit court proceedings during the pendency of the federal appeal. Appellees answered Roane's complaint in circuit court, and the parties prepared for trial. The circuit court also handled a number of substantive matters, including a motion for summary judgment and two motions for intervention. At the federal level, on September 10, 1999, the U.S. Court of Appeals for the Fourth Circuit ruled that the plain language of the Health Care Malpractice Claims Act precluded the forum selection clause agreed to by the parties. Accordingly, it vacated the district court's transfer of the case to State court and remanded the matter to the district court for further proceedings.

Dr. Abdullah then moved to dismiss the suit in circuit court. He argued that the U.S. Court of Appeals' decision rendered the State action invalid, and that Roane's pursuance of the same cause of action in both State and federal court constitut-

ed improper claim splitting.[1] In November 1999, Roane voluntarily dismissed his second federal complaint, Civil Action No. CCB 98–3191. The parties dispute whether this dismissal was at Roane's behest, pursuant to Federal Rule of Civil Procedure 41(a)(1)(i), or by order of the federal court, pursuant to Rule 41(a)(2). We note that the dismissal paper was drafted by Roane's counsel, titled "Voluntary Dismisal," and signed by Roane's counsel. The district court judge wrote "approved" on the paper and signed her name.

On November 23, 1999, Washington County Hospital moved to dismiss the claim in circuit court, arguing that under Rule 41(a)(1) and the Maryland counterpart, Rule 2–506(c), Roane's second voluntary dismissal of the federal claim operated as an adjudication on the merits, which served as *res judicata* to the State action. Dr. Abdullah joined in the Hospital's motion. The circuit court granted the dismissal on March 13, 2000, not adopting appellees' arguments, but ruling that, "[u]nder the 'law of the case' doctrine, the Fourth Circuit's decision immediately divested the Circuit Court for Washington County of any jurisdiction as further proceedings were unequivocally contemplated in the U.S. District Court."

### *Discussion*

### The Law of the Case Doctrine:

At the outset, the parties agree that the trial court erred in basing its ruling on the law of the case doctrine. That doctrine provides that "once a decision is established as the controlling legal rule of decision between the same parties in the same case it continues to be the law of the case." *Kline v. Kline,* 93 Md.App. 696, 700, 614 A.2d 984 (1992); *see also*

---

1. The typical splitting of a claim occurs when a party pursues certain damages in one suit and other damages in another suit, all of which are based on the same nucleus of facts. *See Jones v. Speed,* 320 Md. 249, 257–59, 577 A.2d 64 (1990). That is not what Roane did here; he pursued the same claim in both federal and State court. On appeal, Dr. Abdullah clarifies this argument to be that the Healthcare Malpractice Claims Act, § 3.2A–06B(f) precluded Roane from filing his claim in two separate courts at the same time.

*Hagez v. State,* 131 Md.App. 402, 418, 749 A.2d 206, *cert. denied,* 359 Md. 669, 755 A.2d 1140 (2000). The mandate rule, a subset of the doctrine, presumes that on remand, a trial court will follow the law of the case as established by the appellate court on appeal. *Tu v. State,* 336 Md. 406, 416–17, 648 A.2d 993 (1994). "Neither questions that were decided nor questions that could have been raised and decided on appeal can be relitigated." *Kline,* 93 Md.App. at 700, 614 A.2d 984.

 The federal courts, like Maryland courts, apply the law of the case doctrine and the mandate rule. *See Agostini v. Felton,* 521 U.S. 203, 236, 117 S.Ct. 1997, 138 L.Ed.2d 391 (1997); *Christianson v. Colt Indus. Operating Corp.,* 486 U.S. 800, 816, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988); *Messenger v. Anderson,* 225 U.S. 436, 444, 32 S.Ct. 739, 56 L.Ed. 1152 (1912); 18 C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure § 4478 (1981 & 2000 Supp.). The circuit court's analysis foundered, however, because both concepts apply only *within a given court system.* Thus, a federal appellate court's decision binds a federal trial court, and a decision by this Court binds a State trial court, but the decision by the Fourth Circuit, U.S. Court of Appeals could not bind the Circuit Court for Washington County. While the circuit court traveled the wrong path, however, as explained below, it reached the right result, and we ordinarily affirm under those circumstances. *See Tiller Constr. Corp. v. Nadler,* 334 Md. 1, 16–17, 637 A.2d 1183 (1994); *Hurt v. Chavis,* 128 Md.App. 626, 640, 739 A.2d 924 (1999); *Pope v. Board of Sch. Comm'rs,* 106 Md.App. 578, 591, 665 A.2d 713 (1995).

### Concurrent Jurisdiction, Voluntary Dismissals & Res Judicata:

 The federal courts and Maryland State courts often possess concurrent jurisdiction.

The Supreme Court laid down the ground rules to be applied in cases of concurrent jurisdiction between State and Federal courts nearly 60 years ago, holding in *Penn*

*General Casualty Co. v. Pennsylvania,* 294 U.S. 189, 55 S.Ct. 386, 389, 79 L.Ed. 850 (1935), that:

> Where the judgment sought is strictly in personam, for the recovery of money or for an injunction compelling or restraining action by the defendant, both a state court and a federal court having concurrent jurisdiction may proceed with the litigation, at least until judgment is obtained in one court which may be set up as res adjudicata in the other. . . .

It has generally been recognized that this doctrine is not one of Constitutional imperative, but rather one of comity, or accommodation.

*Cavaliere v. Town of North Beach,* 101 Md.App. 319, 328–29, 646 A.2d 1058 (1994). Thus, in this case, Roane's claim could properly proceed in the Fourth Circuit and Washington County until one of those jurisdictions rendered an adjudication on the merits that had *res judicata* effect. One such kind of adjudication derives from the procedural rule on voluntary dismissals.

■ Federal Rule of Civil Procedure 41(a) states in part:[2]

(a) **Voluntary Dismissal: Effect Thereof.**

(1) **By Plaintiff; By Stipulation.** Subject to the provisions of Rule 23(e), of Rule 66, and of any statute of the United States, an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, *except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the*

---

**2.** Maryland Rule 2–506 (2001) duplicates the federal rule in language and purpose.

*United States or of any state an action based on or including the same claim.*

(2) **By Order of Court.** Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper.... Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

(Emphasis added.) In this case, appellees had answered the complaint in the State action, so Roane could not voluntarily dismiss the claim in that jurisdiction. When he filed the second dismissal, however, appellees had not answered the complaint in district court. By the plain language of Rule 41(a), therefore, the second dismissal precluded further adjudication of the claim in federal court.

 *Res judicata,* or claim preclusion, bars a plaintiff from pursuing a second action against the same defendant based on the same cause of action. *FWB Bank v. Richman,* 354 Md. 472, 492, 731 A.2d 916 (1999). It applies when: (1) the parties in the second litigation are the same, or in privity, with the parties in the earlier case; (2) the second suit presents the same cause of action as the first suit; and (3) the first suit produced a final judgment on the merits in a court of competent jurisdiction. *Id.; Chaires v. Chevy Chase Bank, F.S.B.,* 131 Md.App. 64, 74–75, 748 A.2d 34, *cert. denied,* 359 Md. 334, 753 A.2d 1031 (2000). Roane's State claim possessed all three of these requirements. Thus, the second dismissal in federal court also precluded further litigation of the claim in State court.

 Roane reminds us that the voluntary dismissal rule is intended to prevent plaintiffs from harassing defendants with multiple filings and dismissals; it contemplates indecisive or vindictive plaintiffs, who keep their opponents in perpetual fear of litigation. *See ASX Inv. Corp. v. Newton,* 183 F.3d 1265, 1268 (11th Cir.1999). Here, Roane argues, the federal suit did not harass appellees since, at the time of the second dismissal, the parties had already expended significant energy

litigating the claim in State court. While we appreciate the strength of his argument, the plain language of Rule 41 dictates a different result. Nor can we fashion a sensible exception to the rule that would salvage Roane's suit. *See New Jersey v. Strazzella*, 331 Md. 270, 282, 627 A.2d 1055 (1993) ("When a party contends that a court should disregard the express language of a carefully-drawn rule of procedure, that party bears a heavy burden of showing that departure from the plain language is justified.") (*quoting Sutton Place Dev. Co. v. Abacus Mortgage Inv. Co.*, 826 F.2d 637, 640 (1987)).

Roane also contends that the district court dismissed the complaint by its own order pursuant to Rule 41(a)(2). Accordingly, he persists, no prejudice attached to the dismissal. Roane refers us to *Morris v. City of Hobart*, 39 F.3d 1105, 1110 (10th Cir.1994) for the proposition that a dismissal under 41(a)(2) need not take any particular form. In that case, plaintiff drafted a voluntary dismissal paper when the parties agreed to a settlement. The district court cleared the case from the docket with an administrative closing order, rather than a dismissal order. "[U]nder the circumstances," the appellate court found the closing order sufficient for purposes of 41(a)(2).

*Morris* is readily distinguishable from Roane's case. First, here, there is no court order for us even to decipher. Second, Roane's voluntary dismissal reads like a pleading, not like a court order, and the circumstances do not indicate that the parties intended the paper to be a court order. Roane points to the judge's signature on the dismissal as evidence of its directive effect. We read that signature, however, as mere acknowledgment and approval of Roane's action. Indeed, a judge signed the 1996 dismissal in the same fashion, and there is no contention that that dismissal was by order of the court. Moreover, Roane's argument on appeal is disingenuous, given that he defined the second dismissal as a filing under 41(a)(1), not 41(a)(2), in his opposition to Dr. Abdullah's motion to dismiss.

Roane further argues, creatively, but in error, that when the district court transferred the case to State court, it sent the "substantive case," and retained only a procedural right—"the potential to bring the main case back to Federal court." In his view, therefore, the second dismissal was not an adjudication on the merits because it dismissed only the procedural right to pursue the claim in federal court. Roane does not offer, and we do not find, any support for this argument. The whole claim proceeded in both the State and federal courts until the federal court reached a result that weighed upon the State suit.

### The Judicial Estoppel Doctrine:

Roane next seeks refuge from the import of the voluntary dismissal rule in the doctrine of judicial estoppel. That doctrine precludes a party who successfully pursued a position in a prior legal proceeding from asserting a contrary position in a later proceeding. *Mathews v. Gary*, 133 Md.App. 570, 579, 758 A.2d 1019, *cert. granted*, 362 Md. 187, 763 A.2d 734 (2000). To explain further:

> "If parties in court were permitted to assume inconsistent positions in the trial of their causes, the usefulness of courts of justice would in most cases be paralyzed; the coercive process of law, available only between those who consented to its exercise, could be set at naught at all.... It may accordingly be laid down as a broad proposition that one who, without mistake induced by the opposite party, has taken a particular position deliberately in the course of litigation, must act consistently with it; one cannot play fast and loose."

*WinMark Ltd. Partnership v. Miles & Stockbridge*, 345 Md. 614, 620, 693 A.2d 824 (1997)(quoting *Kramer v. Globe Brewing Co.*, 175 Md. 461, 469, 2 A.2d 634 (1938)). The gravaman of a judicial estoppel claim is one party's inconsistency prejudicing his or her opponent's case. *Wilson v. Stanbury*, 118 Md.App. 209, 215, 702 A.2d 436 (1997). The doctrine in no way hinders parties from vigorously pursing their claim, including alternative theories of the case.

Roane contends appellees pursued inconsistent positions by first arguing in 1998 that the forum selection clause of the waiver agreement directed the case be tried in State circuit court, and then arguing in 1999 that the circuit court lacked jurisdiction to hear the case. While it is true that appellees initially argued that the district court should not hear the claim, Roane did not rely on that argument to his detriment. To the contrary, he fought appellees on the validity of the forum selection clause and, ultimately, prevailed before the U.S. Court of Appeals. Moreover, following the voluntary dismissal, appellees did not argue that the circuit court lacked jurisdiction to hear the claim, but, rather, that *res judicata* precluded its re-litigation. As Washington County Hospital explains in its brief, Roane might have employed the doctrine of judicial estoppel if he had consented to appellees' 1998 motions to transfer the case to circuit court, and, once there, appellees had filed a motion to dismiss on the grounds that the circuit court lacked jurisdiction to hear the claim. That, however, is not what happened in this case. Roane pursued his claim, to varying degrees, in two court systems and then ended the litigation by voluntarily dismissing his claim in one of those jurisdictions.

**JUDGMENT AFFIRMED; APPELLANT TO PAY COSTS.**