REPORTED
IN THE COURT OF SPECIAL APPEALS
No. 2863
September Term, 2015

LIONEL ADMONION HOLLOWAY

v.

STATE OF MARYLAND

Krauser, C.J.,
Kehoe,
Zarnoch, Robert A.,
    (Senior Judge, Specially Assigned),

JJ.

Opinion by Zarnoch, J.

Filed:  March 29, 2017

This is the second time appellant Lionel Holloway has asked for judicial relief from the collateral consequences of his previous guilty pleas; and this is the second time he has appealed to this Court. In the first appeal, he successfully challenged a procedural error, but was denied relief on the merits. On this occasion, he is again correct that the circuit court committed a procedural error, but we again deny him relief because his second action is barred by the law of the case.

Holloway frames the following question for our review:

> Did the court below err in finding that Holloway waived his right to file a coram nobis petition?

The State essentially asks:

> Should the circuit court have denied Holloway's second petition as barred by the law of the case?

In our view, there is a significant underlying question that we must address:

> Can a party raise the defense of law of the case for the first time on appeal?[1]

For the following reasons set forth below, we answer yes to all three questions and affirm the judgment of the circuit court.

## BACKGROUND

On March 24, 2000, Holloway pleaded guilty in the Circuit Court for Baltimore City to two counts of possession with intent to distribute heroin. On April 17, 2000, the

---

[1] This issue was not discussed by either party, but we view it as integral to the resolution of this appeal.

court sentenced Holloway to two concurrent twenty-year terms of imprisonment, with all but five years suspended, followed by three years of supervised probation.

On October 2, 2009, Holloway was convicted of possession of a firearm by a convicted felon in the United States District Court for the District of Maryland. Due to his prior state drug convictions, Holloway was subjected to a mandatory minimum sentence of fifteen years on the firearm charge.

On December 3, 2009, Holloway filed a petition for writ of error coram nobis ("First Petition") in the circuit court, in an effort to vacate his underlying drug convictions. In his First Petition, Holloway argued that the trial court had committed error during his guilty plea, because it did not apprise him of the nature of his charges as required by Maryland Rule 4-242(c). On August 17, 2010, the circuit court denied the First Petition on the basis that Holloway had waived his right to seek coram nobis by failing to file an application for leave to appeal. Additionally, the circuit court reasoned that the trial court had also complied with Rule 4-242(c) when it took his guilty plea.

Holloway appealed the denial of the First Petition to this Court. In an unreported opinion, *Holloway v. State*, September Term 2010, No. 1765 (filed May 5, 2014), a panel of this Court acknowledged that the old rule was that "failure to file an application for leave to appeal barred a petitioner from coram nobis relief." *See Holmes v. State*, 401 Md. 429 (2007). However, as a result of a change to the law in 2012, Section 8-401 of the Criminal Procedure Article now provides that "failure to seek an appeal in a criminal case may not be construed as a waiver of the right to file a petition for writ of error coram nobis." Md. Code (2001, 2008 Repl. Vol., 2016 Supp.), Criminal Procedure Article

2

("CP"), § 8-401.  Moreover, in *Graves v. State*, 215 Md. App. 339, 352 (2013), we held

that Section 8-401 should be applied retroactively.  Accordingly, the panel held that

Holloway's failure to file an application for leave to appeal did not preclude him from

filing a coram nobis petition.

Although the State conceded error in the trial court's failure to apprise Holloway

of the nature of the charges against him, the panel went on to examine the totality of the

circumstances surrounding the plea colloquy as dictated under *State v. Daughtry*, 419

Md. 35, 71 (2011), and observed the following:

> To begin with, the nature of the charge in the present case is
> not complex.  Possession with intent to distribute consists of two
> elements: possession of a controlled dangerous substance and the
> intent to distribute that substance.  Md. Code, Crim. Law Art.
> (C.L.), § 5-602(2) (formerly Art. 27 § 286(a)(1)).  Moreover, the
> two elements of the offense are *set forth in the very name of the
> offense*.

> Turning to Holloway's personal characteristics, we note that
> he was 26 years old at the time of his plea and had a high school
> education.  He had been convicted of the same charge three years
> earlier and was on probation for that conviction at the time the
> instant offenses were committed.  Thus, he presumably possessed
> the capacity to understand the nature of the charge of possession
> with intent to distribute heroin.

> Finally, the factual basis proffered to support the guilty plea
> was extensive and detailed.  The date, time, location, as well as
> detailed facts of each incident were recounted.

> Employing the totality of the circumstances analysis
> announced in *Daughtry*, we are not persuaded that Holloway
> lacked an understanding of the nature of the crimes to which he
> was pleading.  The charge was a simple charge; its elements are
> contained within the very name of the offense.  At the time of the
> plea Holloway was 26 years old, a high school graduate, and had
> previously pleaded guilty to the same offense three years earlier;

3

the factual basis proffered was extensive and detailed; and he was represented by counsel.

(emphasis in original). Based on this reasoning, the panel affirmed Holloway's convictions.[2] The Court of Appeals denied Holloway's subsequent petition for writ of certiorari. *Holloway v. State*, 440 Md. 116 (2014).

On September 15, 2014, Holloway filed a second petition for writ of error coram nobis ("Second Petition"). In his Second Petition, Holloway again argued that the trial court failed to explain the nature of the charges, with the added allegation that the court also failed to advise him of the presumption of innocence.[3] On January 12, 2016, the circuit court denied the Second Petition on the grounds that Holloway had waived his right to seek coram nobis relief because he did not file an application for leave to appeal of a petition for post-conviction relief. On February 11, 2016, Holloway filed a timely notice of appeal.

## DISCUSSION

### I. Waiver

The State concedes that the circuit court improperly relied upon *Holmes v. State*, 401 Md. 429 (2007) in denying Holloway's coram nobis petition. *Holmes* stood for the

---

[2] This portion of the *Holloway* opinion was not dicta, but an alternative holding of the panel.

[3] In Holloway's first appeal, a panel of this Court directly addressed the issue of whether the court failed to explain the nature of the charges. Therefore, for the purposes of this appeal, we are only concerned with his new allegation that the court failed to advise him of the presumption of innocence.

proposition that the failure to file an application for leave to appeal barred a petitioner from coram nobis relief. *Id.* at 445-46. The Maryland General Assembly explicitly overruled *Holmes* when it passed CP § 8-401, which states that "[t]he failure to seek an appeal in a criminal case may not be construed as a waiver of the right to file a petition for writ of error coram nobis." In fact, in Holloway's first appeal, a panel of this Court held that CP § 8-401 applied retroactively and his right to file a coram nobis petition was not waived. Therefore, Holloway is correct that the circuit court denied his coram nobis petition on improper grounds.

## II. The Law of the Case Doctrine

The State, however, presents a different reason why Holloway's coram nobis petition should have been denied. The State contends that, "because this Court went on in the First Opinion to consider the merits of Holloway's claim, and denied it, he is precluded under the law of the case doctrine from raising the substance of a coram nobis claim again." The law of the case doctrine provides that, "once an appellate court rules upon a question presented on appeal, litigants and lower courts become bound by the ruling, which is considered to be the law of the case." *Scott v. State*, 379 Md. 170, 183 (2004). Furthermore, "[n]ot only are lower courts bound by the law of the case, but decisions rendered by a prior appellate panel will generally govern the second appeal at the same appellate level as well, unless the previous decision is incorrect because it is out of keeping with controlling principles announced by a higher court and following the decision would result in manifest injustice." *Id.* at 184 (Internal quotation marks omitted).

5

## A. Raising Law of the Case for the first time on appeal

The State is raising this law of the case defense for the first time on appeal.[4] Generally, appellate courts will not decide any issue that was not raised in and decided by the trial court. *See* Md. Rule 8-131. Although we have found no Maryland case addressing the specific issue of whether the law of the case doctrine can be invoked for the first time on appeal, it has been addressed by a number of other courts. However, there does not appear to be a consensus on this issue among appellate courts.

The majority of state courts have held that the law of the case doctrine is an affirmative defense that cannot be raised for the first time on appeal. *See St. Edward Mercy Med. Ctr. v. Warnock*, 429 S.W.3d 348, 355 (Ark. 2013) (holding that "law of the case, like res judicata, is an affirmative defense and cannot be raised for the first time on appeal."); *see also In re Guardianship of Stalker*, 953 N.E.2d 1094, 1101 (Ind. App. 2011); *State v. King*, 774 A.2d 629, 634-35 (N.J. Super. 2001); *Sherman v. D.C.*, 653 A.2d 866, 869 n. 2 (D.C. 1995). We note that the state court decisions rely on the

---

[4] When it filed its answer to Holloway's Second Petition, the State listed the following grounds, among others, as reasons to deny the petition:

  4. [Holloway's] claims are barred by the doctrine of res judicata.

  5. [Holloway's] claims have been finally litigated in a previous petition for coram nobis relief.

Although these claims are similar in nature, the State never specifically raised the defense of law of the case in the circuit court.

6

characterization of law of the case as an affirmative defense similar to *res judicata*. Affirmative defenses are considered waived if not raised in a party's answer. *See* Md. Rule 2-323. Under the Maryland Rules, however, unlike *res judicata*, law of the case is not a specifically enumerated affirmative defense. Md. Rule 2-323(g).

Contrary to the state court decisions, federal courts have frequently held that law of the case can be considered for the first time on appeal. The Fifth Circuit noted that "[i]t is axiomatic that an issue not raised in the trial court will not be considered on appeal unless it involves a pure question of law, and our refusal to address it would result in a miscarriage of justice." *Pegues v. Morehouse Par. Sch. Bd.*, 706 F.2d 735, 738 (5th Cir. 1983). The Court then held that, "[b]ecause the preclusive effect of the law of the case and *res judicata* doctrines presents a pure legal question, and being satisfied that no prejudice will accrue to the defendants, we exercise our discretion and address the question." *Id.* (Internal citations omitted). The Eleventh Circuit has agreed that "while many procedural doctrines are waived if not timely raised, the law-of-the-case doctrine may be raised by the court *sua sponte*." *United States v. Anderson*, 772 F.3d 662, 669 (11th Cir. 2014); *see also Pope v. Sec'y, Florida Dep't of Corr.*, 752 F.3d 1254, 1264 n. 3 (11th Cir. 2014). Accordingly, even if the parties fail to raise law of the case as a defense, the court may still choose to apply it. The policy reasons behind such a rule have been articulated by the courts. "Courts have a compelling interest in continuity, finality, and efficiency both within cases and within the greater judicial system, and the law-of-the-case doctrine is an important feature in realizing this goal." *Anderson*, 772 F.3d at 669. This doctrine "prevents the relitigation of settled issues in a case, thus

7

protecting the settled expectations of the parties, ensuring uniformity of decisions, and promoting judicial efficiency." *Maxfield v. Cintas Corp., No. 2*, 487 F.3d 1132, 1134-35 (8th Cir. 2007) (Internal quotation marks omitted). "Because the court has a strong interest in avoiding repetitive litigation, we may raise these doctrines *sua sponte*." *Id.*

We must acknowledge that this rule has not been uniformly adopted amongst the federal courts. In both *United States v. Lorenzo-Hernandez*, 279 F.3d 19, 22 (1st Cir. 2002) and *United States v. Olivero*, 552 F.3d 34, 41 n. 4 (1st Cir. 2009), the First Circuit refused to consider a law of the case argument because the party failed to raise it in the district court. However, a later First Circuit decision declined to follow those rulings, noting that:

> [Appellee] also argues that the government's failure to raise the law of the case below precludes us from applying the subsequent appellate panel rule to those issues that he explicitly asks us to "reconsider." We fail to see how a doctrine directed at subsequent appellate panels can be waived by failure to raise it at the trial level. We also note that the dicta in *Lorenzo-Hernández* and *Olivero* should not be understood to suggest that the government waives all law of the case arguments by failing to raise them in the district court. Frankly, we are uneasy with this dicta, which would impose a burden on us to reconsider issues already decided. The prudential law of the case doctrine is ultimately directed at conserving judicial resources and preserving the integrity of our own processes. We therefore reject any intimation in our cases that we cannot raise the law of the case issue sua sponte if we deem it appropriate.

*United States v. Wallace*, 573 F.3d 82, 90 n. 6 (1st Cir. 2009) (Internal citations omitted).

We agree with the rationale expressed by the majority of federal circuits. "Without this doctrine, cases would end only when obstinate litigants tire of re-asserting the same arguments over and over again. Additionally, it discourages litigants from

filing subsequent appeals in hopes of obtaining a more sympathetic panel." *United States v. Agofsky*, 516 F.3d 280, 283 (5th Cir. 2008) (Internal quotation marks omitted).

At the same time, we recognize that there is a noticeable difference in the application of the law of the case doctrine in federal court and in Maryland. In Maryland, the law of the case doctrine applies to both questions that were decided and questions that could have been raised and decided. *See Kline v. Kline*, 93 Md. App. 696, 700 (1992). Under federal law, "the law-of-the-case doctrine only applies to issues the court actually decided." *John B. v. Emkes*, 710 F.3d 394, 403 (6th Cir. 2013). Nevertheless, we believe this distinction does not undercut the rationale for permitting law of the case to be raised for the first time on appeal.

Furthermore, allowing law of the case to be raised on appeal is in line with Maryland's approach to *res judicata*. Although *res judicata* is listed as an affirmative defense in the Maryland Rules and law of the case is not, they are similar defenses aimed at preventing parties from re-litigating issues that have already been decided in court. The law of the case doctrine acts as a corollary to *res judicata* keyed specifically to appellate decisions. We have previously acknowledged this similarity, stating that the law of the case doctrine "lies somewhere beyond *stare decisis* and short of *res judicata.*" *Stokes v. Am. Airlines, Inc.*, 142 Md. App. 440, 446 (2002) (Citation omitted).

In *Anne Arundel Cty. Bd. of Educ. v. Norville*, 390 Md. 93, 103-06 (2005), the Court of Appeals held that it could determine whether *res judicata* barred a former employee's claims against the school board even though issue of *res judicata* was not raised directly in the school board's certiorari petition following the decision by the Court

9

of Special Appeals. The *Norville* Court summarized the approach to *res judicata* in Maryland, stating:

> We have decided cases previously on res judicata grounds, even though res judicata was not raised in the petition for writ of certiorari. In *Lizzi* [*v. Washington Metro. Area Transit Auth.*, 384 Md. 199 (2004)], the Circuit Court dismissed an employee's Family Medical Leave Act (FMLA) claim against his employer, Washington Metropolitan Area Transit Authority (WMATA), on res judicata grounds, because the United States Court of Appeals for the Fourth Circuit had held in a prior action that Lizzi's claim against WMATA was barred because of sovereign immunity. *See id.* at 204, 862 A.2d at 1020-21. The Court of Special Appeals affirmed on the ground of sovereign immunity rather than res judicata. *Id.* at 205, 862 A.2d at 1021. Although we did not grant certiorari on the res judicata issue, we held nevertheless that Lizzi's FMLA claim was barred by the res judicata effect of the Fourth Circuit's decision in *Lizzi v. Alexander,* 255 F.3d 128 (4th Cir.), *cert. denied,* 534 U.S. 1081, 122 S.Ct. 812, 151 L.Ed.2d 697 (2002), *reh'g denied,* 535 U.S. 952, 122 S.Ct. 1352, 152 L.Ed.2d 254 (2002). *Id.* at 213, 862 A.2d at 1025-26. As we stated in *Lizzi,* "we find it preferable to address the res judicata issue at this point, so as 'to avoid the expense and delay of another appeal,'" as is expressly permitted under the language of Maryland Rule 8-131(a). *Id.* at 206, 862 A.2d at 1021-22; *see also Johnston v. Johnston,* 297 Md. 48, 59, 465 A.2d 436, 441-42 (1983) (noting that "[a]lthough the parties in the instant case have not precisely raised the issue of res judicata, we believe that in the interests of judicial economy, it is appropriate for us to address it as it is dispositive of the matter before us").

*Id.* at 104-05 (footnote omitted). The Court concluded that its view was "in accord with other appellate courts that have raised res judicata *sua sponte*." *Id.* at 105. We find that

the same principles apply to the law of the case doctrine, and in the interests of judicial economy, it is preferable for us to address the issue of law of the case here.[5]

## B. Is Holloway's claim barred by law of the case?

The State argues that in the first appeal, this Court considered the merits of Holloway's claim and held that the guilty plea was valid. Holloway counters that the law of the case doctrine does not apply here, because he never raised the issue of the court's failure to advise him of the presumption of innocence. Holloway contends that this is a distinct claim from those raised in his first appeal.

Despite his assertion to the contrary, Holloway is attempting to re-litigate the same issue—the alleged invalidity of his guilty plea because of a judicial advisement deficient under Maryland Rule 4-242(c). In Holloway's First Petition, he argued that the trial court failed to apprise him of the nature of the charges against him. In his Second Petition, he argued that the trial court failed to apprise him of the nature of the charges and the presumption of innocence. Holloway contends that the presumption of innocence is a wholly new and distinct claim that was never raised before. We disagree. The "issue" in both appeals is the validity of Holloway's guilty plea in the circuit court on March 24, 2000. That issue was decided in Holloway's first appeal when we held that he knowingly and voluntarily entered into the plea.

---

[5] In our view, Holloway is not prejudiced because the issue of law of the case was raised for the first time on appeal. He had the opportunity to address this purely legal issue and has done so in his reply brief.

Moreover, assuming *arguendo* that Holloway is correct, and this is a separate issue, the law of the case doctrine still applies.  Under the law of the case doctrine, "[n]either questions that were decided nor *questions that could have been raised* and decided on appeal can be relitigated."  *Kline*, 93 Md. App. at 700 (Emphasis added).  This is clearly an issue that could have been raised on Holloway's first appeal.  In his first appeal, he tried to attack the validity of his plea on the basis that he was not advised of the nature of the charges.  Now he is trying to attack the validity of his plea on the basis that he was not informed of the presumption of innocence.  At oral argument before this Court, counsel for Holloway even conceded that this issue could have been raised before.

Finally, although there are exceptions to the law of the case doctrine, there are none that apply to the instant case.  We have previously stated:

> It is well settled that the law of the case doctrine does not apply when one of three exceptional circumstances exists: the evidence on a subsequent trial was substantially different, controlling authority has since made a contrary decision on the law applicable to such issues, or the decision was clearly erroneous and would work a manifest injustice.

*Baltimore Cty. v. Baltimore Cty. Fraternal Order of Police, Lodge No. 4*, 220 Md. App. 596, 659 (2014) (Citations omitted), *aff'd sub nom.*, *Baltimore Cty. v. Fraternal Order of Police, Baltimore Cty. Lodge No. 4*, 449 Md. 713 (2016).  There was no subsequent trial with different evidence.  There was no change in controlling authority that would demand a different result from Holloway's first appeal.  The decision of this Court in Holloway's first appeal was well reasoned, not clearly erroneous, and did not work a manifest injustice.  Therefore, although the circuit court erred in finding that Holloway had waived

his right to coram nobis relief, the law of the case doctrine precludes further litigation of

the issue of the validity of his guilty plea.

**JUDGMENT OF THE CIRCUIT COURT FOR BALTIMORE CITY AFFIRMED. COSTS TO BE EQUALLY DIVIDED BETWEEN THE PARTIES.**
