GRANT ET UX. *v.* KATSON ET UX.

[No. 305, September Term, 1970.]

*Decided March 2, 1971.*

The cause was argued before HAMMOND, C. J., and BARNES, MCWILLIAMS, FINAN, SINGLEY, SMITH and DIGGES, JJ.

*Robert L. McClosky* for appellants.

*Daniel T. Donohoe* for appellees.

DIGGES, J., delivered the opinion of the Court.

The parties in this case are adjoining neighbors on a sloping portion of East-West Highway in Chevy Chase, Maryland. The appellants, Daniel Grant and his wife, live downhill on this natural watershed and have been at war for some years now with their uphill neighbors' surface

water. Alleging that Mr. and Mrs. James Katson, their next door neighbors on the East above them, had caused an excessive concentration and diversion of the surface flow into their backyard, the Grants brought an action against the Katsons for continuing trespass, coupled with a prayer for an injunction, in the Circuit Court for Montgomery County.

The Grants emerged victorious from this suit on the question of liability, but either sensing a pyrrhic victory or seeking absolute vindication they now complain that the $100 damages awarded for the restoration of their waterlogged backyard were inadequate and that the trial judge, Miller, J., erred by not enjoining the continuing trespass caused by the water flow from and around their neighbor's property. In lieu of the injunction Judge Miller awarded the Grants an additional $875 so they could install a new drainage system on their property and thus prevent future damage by diverting the objectionable surface flow. The Grants have abandoned any claim that they were entitled to punitive damages, but they insist that if we see fit to allow the injunction they should not lose all of the $875, as Judge Miller also intended that money to be used for restoring an older but clogged drain in another part of their yard. The Katsons have not challenged the finding of liability against them and claim that they stand ready, willing and able to pay the entire $975 judgment. We shall uphold the $100 restoration damages, vacate the $875 portion of the award, and order that the requested injunction be issued.

The unchallenged and rather simple facts of the case are that the Katsons increased and diverted the flow of surface water over their yard down onto the Grants' by constructing a stone patio with an improper tilt and drainage system for it. In addition to this, the Katsons had placed a line of stones across their rear fence, thus creating a water baffle for their yard but causing the surface water from further uphill to flow in even greater quantities around their land and onto the Grants' property. Compare *Slaird v. Klewers*, 260 Md. 2, 271 A. 2d

345 (1970). These findings and the conclusion as to liability constitute the law of the case and undoubtedly have remained unchallenged on appeal in view of the settled law of this state on the responsibility of landowners for improperly concentrated and diverted surface flow. For a full discussion of the present law in Maryland on this topic see Judge Singley's opinion for the Court in *Baer v. Bd. of Co. Comm'rs.*, 255 Md. 163, 257 A. 2d 201 (1969). We are therefore only concerned with the question of the appropriate relief from this condition.

Looking first to the $100 damages, we note that the only testimony regarding the restoration of the backyard came from Mr. Gates, a landscape consultant and designer. He testified that the cost for regrading and replacing the damaged sod, soil and flagstone walk would be approximately $600. The trial judge did not accept this estimate and instead concluded that $100 would be adequate compensation for the "small amount of erosion and mud that has been washed on the property. . ." We cannot say that this finding of fact and the consequent choice of a smaller damage figure was clearly erroneous. Rule 886.

We are of the opinion, however, that it was error not to issue the injunction. Judge Miller attempted to fashion an equitable and not altogether unwise solution to this rather petty feud. His theory was that the Grants could have no basis for complaint if they built and maintained the drain themselves. We do not think that this is a proper basis for burdening an injured plaintiff and his property with the necessity of constructing and maintaining a drainage system to protect himself from his neighbor. In *Biberman v. Funkhouser*, 190 Md. 424, 430, 58 A. 2d 668 (1948) the flooded plaintiff was required to build a drainage ditch on his side of the property line, but only because the cost of the drain was minimal and it would have been necessary to uproot a hedge on the defendants' side of the line. These equitable factors are not present here and in their absence there is no reason why the drainage system and the obligation to maintain it should not be placed on the offending parties' shoulders. Indeed,

the Katsons attempted to alleviate the problem initially by installing a roughly made and poorly maintained drainage ditch near the common boundary line on their own property. For a discussion of the equitable doctrine of comparative hardships in granting injunctive relief see *Dundalk Holding Co. v. Easter*, 215 Md. 549, 556-57, 137 A. 2d 667 (1958) cert. denied 358 U. S. 821; rehearing denied 358 U. S. 901 (1958) and cases cited therein. *See also Turner v. Wash. Sanitary Comm.*, 221 Md. 494, 505-6, 158 A. 2d 125 (1960).

The appellants have suggested that the $875 portion of the judgment should still be allowed to stand even though it was apparently given in lieu of the injunction. We completely reject their contention that this sum or any part of it was intended for the restoration of their existing drainage system. Judge Miller's oral opinion unequivocally indicated that the money was for the proposed system and he adopted the exact figure the Grants' own expert witness estimated the new drain would cost: $875. Moreover, the testimony at trial made it clear that the old drain had become filled with silt and that the Grants had only made a half-hearted attempt to unclog it. With this conclusion and the decision to allow the injunction, the $100 portion of the money judgment is all that can be allowed to stand.

Rules BF40-43 authorize an injunction in an action at law. See, *Dundalk Holding Co. v. Easter, supra.* We shall remand the case with the direction that the trial judge fashion injunctive relief that will protect the Grants from further flooding. Cf. *Finglass v. Franke Sons Co.*, 172 Md. 135, 190 A. 752 (1937).

> *Judgment to the extent of $100 affirmed but vacated as to the $875 balance and the case is remanded for the issuance of an injunction as requested. Each side to pay his own costs on appeal.*