562 A.2d 1305

Timothy LARCHE

v.

CAR WHOLESALERS, INC. t/a Parsons Auto Sales, et al.

No. 1817, Sept. Term, 1988.

Court of Special Appeals of Maryland.

Sept. 5, 1989.

As Amended Oct. 31, 1989.

Michele B. Hennessey, Woodbine, for appellant.

Donald H. Feige, Baltimore, for appellees.

Argued before MOYLAN, WILNER and BLOOM, JJ.

BLOOM, Judge.

Appellant, Timothy Larche, purchased an automobile, a 1982 Pontiac Firebird, from appellee Car Wholesalers, Inc., trading as Parsons Auto Sales, a licensed used car dealer in Baltimore. Claiming that the vehicle had been represented to him as a new car which had been driven 6,325 miles as a "demonstrator" whereas in fact it was a used car that Parsons Auto Sales had acquired from another dealer, ap-

pellant filed an action in the Circuit Court for Baltimore City against Car Wholesalers, Inc., and its owner-salesman, appellee Barry Parsons. In its final form, appellant's complaint (Second Amended Complaint) contained seven counts, asserting causes of action for fraud, breach of warranty, breach of contract, unfair and deceptive trade practice, negligent misrepresentation, civil conspiracy, and violation of Magnuson–Moss Warranty Federal Trade Commission Improvement Act (15 U.S.C. § 2310(d) and (e)). Punitive damages were claimed on the fraud and conspiracy counts.

At the close of the plaintiff's case, the court granted defendant's motion for judgment on the civil conspiracy count and motion to strike the claim for punitive damages. Motions for judgment on the other counts were denied and, when renewed at the conclusion of all the evidence, denied again. Assuming that the same damages would be recoverable under each of the remaining counts, the court submitted the case to the jury for a general verdict, without specifying the theory, claim, or count, but instructed the jury on the law applicable to all the causes of action still open. The jury returned a verdict in favor of appellant in the amount of $8,500 compensatory damages, and judgment was entered accordingly.

Appealing from that judgment, appellant asserts that the trial judge erred in refusing to let the jury consider the civil conspiracy claim and the claim for punitive damages. Appellees have moved to dismiss the appeal on the ground that the judgment is not final because part of appellant's claim under the Magnuson–Moss Act count was for attorney's fees and other costs, and that aspect of the action has not been resolved. Alternatively, appellees have cross-appealed, asserting that the trial judge erred in not granting their motion for judgment as to the Magnuson–Moss Act count and, in any event, that the verdict sheet form utilized by the trial judge makes it impossible to determine whether the jury found a violation of the Magnuson–Moss Act.

We shall consider these contentions seriatim, but in a somewhat different order.

I

■ We shall deny appellees' motion to dismiss Mr. Larche's appeal, even though the claim for attorneys' fees as part of the asserted cause of action for violation of the Magnuson–Moss Act has not been resolved by the trial court.

The Magnuson–Moss Act provides in pertinent part (15 U.S.C. § 2310(d)(2)):

> If a consumer finally prevails in any action brought under paragraph (1) of this subsection, he may be allowed by the court to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses (including attorneys' fees based on actual time expended) determined by the court to have been reasonably incurred by the plaintiff for or in connection with the commencement and prosecution of such action, unless the court in its discretion shall determine such an award of attorneys' fees would be inappropriate.

Emphasizing that any award of attorneys' fees under the Act would be part of the judgment, appellees' motion is based on Md. Rule 2–602(a) which provides that unless the trial court expressly determines (pursuant to section (b) of the rule) that there is no just reason for delay and directs the entry of a final judgment, an order or decision that adjudicates fewer than all the claims in an action, or that adjudicates less than an entire claim, or that adjudicates the rights and liabilities of fewer than all the parties to an action is not a final judgment and does not terminate the action as to any of the claims or any of the parties.

Neither this Court nor the Court of Appeals has had the occasion to address this precise issue. In *County Executive of Prince George's County v. Doe*, 300 Md. 445, 479 A.2d 352 (1984), however, the Court of Appeals dealt with an award of counsel fees in an action under 42 U.S.C. § 1983, the Civil Rights Act of 1871. The Civil Rights Attorney's Fees Award Act of 1976, codified as the last sentence in 42 U.S.C. § 1988, provides that in any action to

enforce a provision of sections 1981, 1982, 1983, 1985, or 1986, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs. The Court stated in *Doe*, 300 Md. at 451 n. 4, 479 A.2d 352, that under 42 U.S.C. § 1988, a claim for an attorney's fee, while an integral part of the remedy under 42 U.S.C. § 1983, is viewed as being collateral to the § 1983 action. The claim for an attorney's fee, therefore, may be brought following a final judgment in a § 1983 action. The Court reaffirmed that statement in *Maryland–National Capital Park and Planning Commission v. Crawford*, 307 Md. 1, 38–39, 511 A.2d 1079 (1986).

Despite the language of § 2310(d)(2) to the effect that counsel fees may be recovered by a successful consumer litigant "as part of the judgment," courts have treated such awards as being entirely separate from or collateral to the underlying action to recover damages or obtain other relief for a failure to honor a warranty. *See, e.g., Seybold v. Francis P. Dean, Inc.*, 628 F.Supp. 912 (W.D.Pa.1986), in which a car buyer who failed to plead a claim for attorney's fees under § 2310(d)(2) of the Act in his suit to revoke acceptance of the vehicle was allowed to petition for counsel fees *after* recovering a judgment for the purchase price of the car plus damages. *See also Saval v. BL Ltd.*, 710 F.2d 1027 (1983), in which the Fourth Circuit Court of Appeals affirmed a ruling by the United States District Court for the District of Maryland to the effect that counsel fees available in an action brought under the Magnuson–Moss Act were to be considered as part of the costs and thus a claim for counsel fees could not be added to the claim for compensatory damages to bring the case within the jurisdiction of the federal court. (Section 2310(d)(3)(B) provides that the amount in controversy may not be less than $50,-000 (exclusive of interests and costs) in order for a claim under the Act to be cognizable in a federal court.)

A claim for counsel fees as part of a suit under the Magnuson–Moss Act is clearly analogous to a claim for counsel fees in a § 1983 action. In both types of action, an

award of counsel fees is not made by a jury but is entirely within the discretion of the trial judge and, being dependent upon the merits of the claim, ordinarily would not even be considered until after the verdict on the underlying action. We hold, therefore, that a claim for attorneys' fees under § 2310(d)(2) of the Magnuson–Moss Act is collateral to the principal action so that an appeal will lie from a final judgment on the underlying claim despite the pendency of a decision on the attorneys' fees claim.

## II

■ Appellees/cross-appellants contend that the trial court erred in denying their motion for judgment on the seventh count (the Magnuson–Moss Act claim) because there was no evidence of any obligation under any implied or express warranty requiring appellees either to reimburse appellant or take back the automobile. That contention was never made below; it cannot be made for the first time on appeal. Md.Rule 8–131(a). *See Robinson v. State*, 66 Md. App. 246, 254–55, 503 A.2d 725 (1986); *Medley v. State*, 52 Md.App. 225, 230–31, 448 A.2d 363 (1982).

At the close of the plaintiff's case, appellees moved for judgment on the seventh count, asserting, as their sole ground, that appellees had not been given a reasonable opportunity to repair the problems with the car. Their motion was denied. They then put on their own case. In doing so, they withdrew their motion. Md. Rule 2–519(c). At the conclusion of all the evidence, appellees' counsel, after identifying which exhibits had been admitted in evidence, added, "Then I just, although I think I might at this time, for the record, renew my motion that I made at the close of the plaintiff's case. I think, I trust you will rule the same way." Assuming that such an offhand comment could be sufficient to constitute a new or renewed motion that would satisfy Rule 2–519(c), *see Warfield v. State*, 315 Md. 474, 487–89, 554 A.2d 1238 (1989), at most it renewed a motion based solely on lack of opportunity to repair. Obviously, it did not present the issue that cross-appellees now seek to raise.

## III

■ We agree with the remaining contention of appellees/cross-appellants, that it cannot be determined from the verdict sheet whether the jury found a violation of the Magnuson–Moss Act.

The trial judge correctly concluded that so far as compensatory damages were concerned it would make no difference whether the jury found for the plaintiff on the theory of fraud, negligent misrepresentation, breach of warranty, breach of contract, deceptive trade practice, or violation of the federal statute. What the trial court overlooked is the provision in the Magnuson–Moss Act for an award of attorneys' fees, which, on the allegations of the complaint, could not be awarded on any of the other theories of the plaintiff's case.

Appellant would be entitled to an award of attorneys' fees only if he prevailed in his claim under the Magnuson–Moss Act. But the general verdict in favor of appellant could have been on any one of six theories. In the present posture of the case, no award of attorneys' fees can be made even though appellant may be entitled to have the court consider making such an award. The only remedy that suggests itself is a remand for a retrial on the seventh count.

## IV

We turn now to appellant's complaint that the court erred in granting appellees' motion for judgment on appellant's civil conspiracy claim (Count VI).

Count VI of the Second Amended Complaint asserted, in effect, that the defendants, Mr. Parsons and the corporation which he owned, controlled, and managed, conspired with an unnamed person to injure appellant by fraudulently inducing him to purchase a car that they represented to be a new car knowing full well that it was a used car.

The alleged unnamed co-conspirator, it turned out, was appellant's estranged wife, who worked for appellees as

office manager. It was she who suggested that appellant buy the car. There was some evidence to the effect that appellant and his wife had separated and had entered into an agreement under which the wife would get one of the family cars, the other family car would be sold, and appellant would buy a new car for himself.

■ Fraudulent conspiracy, as a basis for a civil action, is the confederation of two or more persons to cheat and defraud, which design was in fact executed, with resulting damages. *Rent–A–Car Company v. Globe & Rutgers Fire Insurance Company*, 161 Md. 249, 260, 156 A. 847 (1931). There is no difference between civil conspiracy and criminal conspiracy in the principles controlling the admission of evidence to prove conspiracy, although the quantum of proof or degree of certainty differs. *Id.*

■ We have examined the record and conclude that the trial judge did not err in granting appellees' motion for judgment on the sixth count. As of the time the motion was granted, there was no evidence to support a finding that Mrs. Larche had conspired with Parsons to defraud appellant. As of that stage of the case, the extent of Mrs. Larche's detailed knowledge about the car, from which an inference of conspiracy might have been drawn, had not been established. After the motion for judgment on the civil conspiracy claim had been granted, appellees put on their case and, in so doing, they presented evidence to the effect that Mrs. Larche knew the car was a used car, knew where it came from, knew how much Parsons had paid for it, and had full knowledge of all the details. Appellees brought out all this information in an effort to prove that there was no fraud or misrepresentation, that Mrs. Larche told her husband all about the car before he bought it. Unfortunately for appellant, the additional evidence, from which the trier of fact might well have inferred the existence of a conspiracy, came too late to salvage the sixth count. The decision to grant appellees' motion for judgment on that count was correct when it was made.

## V

We agree with appellant's contention that the court erred in striking out his claim for punitive damages.

Appellant pleaded and offered evidence in support of a claim that appellees defrauded him. The court overruled appellees' motion for judgment on that count, and the issue of fraud was submitted to the jury, along with other bases for recovery. Appellees have not cross-appealed from that ruling, and since there was a general verdict the jury may very well have found in favor of appellant on the basis of fraud.

Punitive damages may be awarded for fraud, but only if malice is proved. *See, generally, American Laundry Machinery Industries v. Horan,* 45 Md.App. 97, 412 A.2d 407 (1980). Where the fraud arises out of a contractual relationship, the claimant must show that the defrauding party acted with actual malice, which is generally defined as ill will. *See H & R Block, Inc. v. Testerman,* 275 Md. 36, 44, 338 A.2d 48 (1975). It was on that basis that the trial judge granted appellees' motion to strike out the claim for punitive damages in this case, there being no evidence of actual malice. But where, as here, the fraud *induces* the contractual relationship, the rule of *H & R Block, Inc. v. Testerman* does not apply, and proof of implied malice, that is, reckless disregard for another's interests, will support an award of punitive damages. *See Wedeman v. City Chevrolet Co.,* 278 Md. 524, 366 A.2d 7 (1976).

The trial court erred in disposing of appellant's claim for punitive damages on the basis of appellees' motion. Whether a party's motive or intent amounts to malice is generally a jury question. *Berkey v. Delia,* 287 Md. 302, 324–26, 413 A.2d 170 (1980). The jury may infer malice from the defendant's acts and the surrounding circumstances. *Henderson v. Md. Nat'l Bank,* 278 Md. 514, 522, 366 A.2d 1 (1976).

Here the jury could (and may) have inferred that Parsons was so anxious to sell the Pontiac at a substantial profit

that he fraudulently represented the vehicle to be a new car that had been used as a demonstrator, fearing that a purchaser might well be concerned with why a previous owner would have sold (gotten rid of) a practically new car with only 6,000 miles on it. Furthermore, there was evidence to the effect that, having represented the vehicle to appellant as a new car and identifying it as such on appellant's copy of the sales order, Parsons altered the remaining copies of the sales order to designate the vehicle as a used car. That would be a circumstance from which the jury could infer implied malice. Appellees argue that appellant's wife testified that she altered the sales order on her own volition and not upon the request, order, or suggestion of Parsons. The jury, of course, was not obliged to give any credence to that testimony.

## VI

Having concluded that the court erred in precluding the jury from considering an award of punitive damages and in presenting the case to the jury in such a manner that it cannot be determined whether it found for appellant on the one count that would authorize an award of attorneys' fees, we must fashion some appropriate remedy. Merely to vacate the judgment and remand for a new trial would work an injustice to appellant. He was awarded compensatory damages of $8,500, and there was no cross-appeal from that award.

We shall, therefore, affirm the judgment as to the compensatory damages award but remand the case for retrial on the issues of fraud, punitive damages (if fraud is found), and violation of the Magnuson–Moss Act (as a basis for the exercise of the court's discretion concerning an award of attorneys' fees).

JUDGMENT AFFIRMED IN PART AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.

COSTS TO BE PAID BY APPELLEES.