874 A.2d 434

Dewitt Lavon **THOMAS**, et al.

v.

Keith **GLADSTONE**.

No. 130, Sept. Term, 2004.

Court of Appeals of Maryland.

May 11, 2005.

Claudia Barber, Laurel, for appellants.

William R. Phelan, Jr., Principal Counsel (Ralph S. Tyler, City Solicitor, on brief), for appellee.

Argued before BELL, C.J., RAKER, WILNER, HARRELL, BATTAGLIA, GREENE and JOHN C. ELDRIDGE (Retired, Specially Assigned), JJ.

WILNER, J.

The question before us is whether a plaintiff who (1) sues to recover damages for conduct that might, if properly pled, raise a claim under 42 U.S.C. § 1983, but, (2) fails to plead such a claim, may nonetheless recover attorneys' fees under 42 U.S.C. § 1988(b) if he/she prevails on a State law claim for which an award of attorneys' fees is otherwise not permitted. The answer is "no."

## BACKGROUND

In January, 2003, appellants Dewitt Thomas (Thomas) and his wife, Mallissa, filed a complaint in the Circuit Court for Baltimore City against the Mayor and City Council of Baltimore (City), the Baltimore City Police Department (Department), and Keith Gladstone, a Baltimore City Police Officer, to recover damages arising from an incident in which Thomas was allegedly accosted, assaulted, and arrested by Officer Gladstone, all without legal justification. The initial complaint contained eleven counts, as follows: Count I (Local Government Tort Claims Act); Count II (negligence on the part of Gladstone); Count III (negligent supervision, training, and maintenance of personnel by the City and the Department); Count IV (malicious prosecution); Count V (false arrest and false imprisonment); Count VI (loss of consortium); Count VII (abuse of process); Count VIII (assault); Count IX (battery); Count X (defamation); and Count XI (invasion of privacy).

The alleged facts underlying all of those counts were that, as he was leaving his mother's home on November 6, 2002, Thomas was stopped by Gladstone, forced to put his hands against the wall, beaten with a stick, handcuffed, arrested, and incarcerated for two hours. In ¶ 20 of the complaint, which was part of Count I—the claim under the Local Government

Tort Claims Act—Thomas alleged that Gladstone's conduct deprived him "of his rights, privileges and immunities *under the laws of Maryland*." (Emphasis added). In ¶ 21, he added, in relevant part, that he was deprived "of his right to be secure in his person and was deprived of his rights to be free of punishment and/or other deprivation of liberty without due process of law, to the equal protection under the law *as guaranteed by the Fourth and Fifth Amendments*." (Emphasis added). Those were the only references in the complaint to any Constitutional violations or to the violation of any rights under Federal law.[1]

Conceiving that the allegations contained in ¶ 21 may have sufficed to state a claim under 42 U.S.C. § 1983, the defendants removed the case to the United States District Court and filed a motion in that court to dismiss the action. Appellants responded with a motion for leave to file an amended complaint and a motion to remand the matter to the Circuit Court. Upon the granting of leave, appellants filed an amended complaint in which, in addition to dropping the City as a defendant, they deleted all averments of violations of due process of law, equal protection of the law, and the Fourth and Fifth Amendments. Paragraph 20 alleged that Gladstone's conduct "operated to deprive [Thomas] of his rights, privileges and immunities *under the laws of Maryland*," and ¶ 21 was revised to allege, in relevant part, only a "deprivation of his right to be secure in his person and he was deprived of his rights." (Emphasis added). The purely State law claims remained the same, except that, in ¶ 27, the reference to any duty to train police officers with respect to Federal Constitutional regulations was deleted. The new ¶ 27 alleged a duty to train officers "in connection with local and state regulations." On April 9, 2003, the Federal court entered an order granting

---

1. In ¶ 27, which was part of the Count III negligent supervision claim, appellants alleged that the City and the Department owed them, and breached, a duty to adequately train and educate police officers "in connection with Federal Constitutional and regulations." The alleged breach was of that duty to train and supervise, not of any Federal Constitutional right.

**698**

the motion to remand, noting in its order that the amended complaint "removes all federal claims." [2]

Upon the remand, appellants dropped the Department as a defendant and proceeded only against Gladstone. During the trial, the court granted summary judgment to Gladstone on all counts other than Counts I (Local Government Tort Claims Act), IV (malicious prosecution), V (false arrest and imprisonment), VI (loss of consortium), VII (abuse of process), VIII (assault), and IX (battery). The jury found for Gladstone on all of the remaining counts submitted to it except Count VII (abuse of process). On that count, it found for Thomas and awarded damages of $2,500 for past medical expenses.

Within ten days after the entry of judgment on the verdict, appellants filed a motion to revise in which they sought $35,000 in attorneys' fees, which they later increased to a request of $41,000. They acknowledged in the motion that their amended complaint was based on Thomas's "deprivation of rights, privileges and immunities under the laws of Maryland," but claimed that, because Article 2 of the Maryland Declaration of Rights makes Federal law "the Supreme Law of the state," they were entitled, having prevailed "on the state common law ground of abuse of process by a police officer, operating under color of state law," to an award of attorneys' fees pursuant to 42 U.S.C. § 1988(b). The court denied that motion, appellants noted an appeal to the Court of Special Appeals, and we granted *certiorari* on our own initiative, prior to any adjudication by the intermediate appellate court.

### DISCUSSION

The question actually raised by appellants is whether the Supremacy Clause in the Maryland Declaration of Rights effectively makes § 1988(b) a State law. In an argument that,

---

**2.** It is not clear whether appellants actually filed their amended complaint in the Federal court or merely informed the court of what they intended to file and later filed the amended complaint in the Circuit Court after the remand. The ambiguity is unimportant.

omitting the mere quotation of § 1988 in a footnote, consumes less than one page of their brief, they suggest that Article 2 of the Declaration of Rights "adopts Federal law." It is an interesting question, but one that is not really presented in this case. Appellants cannot prevail because, even under Federal law, § 1988(b) is inapplicable. Whether that statute has been somehow "adopted" or incorporated into State law by virtue of Article 2 is therefore irrelevant.

■ Under the common law "American Rule" applied in Maryland, the prevailing party in a lawsuit may not recover attorneys' fees as an element of damages or costs unless (1) the parties to a contract have an agreement to that effect, (2) there is a statute that allows the imposition of such fees, (3) the wrongful conduct of a defendant forces a plaintiff into litigation with a third party, or (4) a plaintiff is forced to defend against a malicious prosecution. *See St. Luke Evangelical Lutheran Church v. Smith*, 318 Md. 337, 345–46, 568 A.2d 35, 38–39 (1990); *Caffrey v. Dept. of Liquor Control*, 370 Md. 272, 292–93, 805 A.2d 268, 280 (2002). The only circumstance at issue here is the second—whether § 1988(b) allows the court to award counsel fees.

Section 1988(b) of title 42 provides, in relevant part, that "[i]n any action or proceeding to enforce a provision of . . . [section 1983] . . . of this title . . . the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs." [3] Section 1983, in turn, provides, in relevant part, that

"[e]very person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law."

---

**3.** Section 1988(b) permits an award of attorneys' fees in actions to enforce any of eleven Federal statutes, one of which is § 1983. Because we are concerned here only with that section, we shall limit our discussion to that provision.

■    Because § 1983 creates a cause of action only for violations of Federal law that occur under color of State law, *Suessmann v. Lamone,* 383 Md. 697, 710, 862 A.2d 1, 8–9 (2004), to state a claim under that section, the plaintiff must allege that (1) there was a violation of a right secured by Federal law, and (2) the violation was committed by someone acting under color of State law. *West v. Atkins,* 487 U.S. 42, 48, 108 S.Ct. 2250, 2254–55, 101 L.Ed.2d 40, 48–49 (1988); *Adamson v. Correctional Medical,* 359 Md. 238, 270, 753 A.2d 501, 518 (2000); *Okwa v. Harper,* 360 Md. 161, 193–94, 757 A.2d 118, 135–36 (2000). In the absence of those necessary allegations, the action is not one to enforce a provision of § 1983.

The closest that the United States Supreme Court or this Court has come to appellants' position is where a plaintiff has alleged both an action under § 1983 (or one of the other ten statutes listed in § 1988(b)) and an alternative State law claim based on the same conduct and has prevailed on the State law claim, with no decision being reached on the § 1983 claim. As we pointed out in *County Exec. of Prince George's Co. v. Doe,* 300 Md. 445, 456, 479 A.2d 352, 358 (1984), citing *Smith v. Robinson,* 468 U.S. 992, 104 S.Ct. 3457, 82 L.Ed.2d 746 (1984) and *Maher v. Gagne,* 448 U.S. 122, 100 S.Ct. 2570, 65 L.Ed.2d 653 (1980):

> "[I]t is undisputed that where a plaintiff asserts alternate grounds for the same relief, one under § 1983 and the other under state law or a provision of federal law carrying no authorization for attorney's fees, where he prevails upon the latter ground, and where there is no decision on the § 1983 ground, federal law ordinarily entitles him to an attorney's fee award if the § 1983 ground was substantial and grew out of the same facts."

We explained that, in that circumstance, the attorneys' fee is awarded not because the plaintiff was successful on the State law ground but rather because he/she raised a substantial civil rights issue under § 1983. Again citing *Smith v. Robinson,* we observed:

"Consistent with its desire to promote private enforcement of federal civil rights, 'Congress' purpose in authorizing a fee award for an unaddressed constitutional claim was to avoid penalizing a litigant for the fact that courts are properly reluctant to resolve a constitutional question if a nonconstitutional claim is dispositive.' "

*County Exec. of Prince George's Co. v. Doe, supra,* 300 Md. at 457, 479 A.2d at 358 (quoting *Smith v. Robinson, supra,* 468 U.S. at 1007, 104 S.Ct. at 3466, 82 L.Ed.2d at 762).

The rationale for allowing an attorneys' fee in that situation is entirely lacking when a § 1983 claim is not even pled. The plaintiff is not then being penalized by the inability to obtain a fee award after proving conduct that would justify such an award under § 1983, for he/she has failed to present a claim that even potentially could have properly led to one.

In their initial complaint, appellants alleged conduct which, if proved, could have resulted in an award under § 1983, and therefore under § 1988(b) as well. When the case was removed to Federal court, however, they filed an amended complaint that effectively deleted all allegations that rights under Federal law were violated and thereby withdrew any cognizable claim under § 1983. Their apparent motive was to remove any basis of Federal jurisdiction so that the action could be remanded to the Circuit Court for trial on the State law claims. The consequence of that decision was to give up a claim for attorneys' fees under § 1988(b).

Appellants seek to avoid that result by insisting that the abuse of process claim amounted to a "constitutional tort"—a violation of Thomas's "constitutional civil rights" under Maryland law. There are two problems with that argument. The first is that abuse of process is a common law, not a constitutional, tort. We have defined abuse of process as occurring "when a party has wilfully misused criminal or civil process after it has issued in order to obtain a result not contemplated by law." *Krashes v. White,* 275 Md. 549, 555, 341 A.2d 798, 802 (1975); *1000 Fleet Limited Partnership v. Guerriero,* 346 Md. 29, 38, 694 A.2d 952, 956 (1997). As we

pointed out in *Walker v. American Security & Trust Co. of Washington, D.C.,* 237 Md. 80, 87, 205 A.2d 302, 306 (1964), unlike the tort of malicious prosecution, abuse of process "is concerned with the improper use of criminal or civil process in a manner not contemplated by law after it has been issued, without the necessity of showing lack of probable cause." Thus, the legality of Gladstone's conduct in arresting Thomas and taking him into custody—whether any of Thomas's State Constitutional rights were violated in that encounter—is not an element of this common law tort. Thomas has not demonstrated how the misuse of the process, after its issuance, violates the Maryland Constitution.

The second problem with appellants' argument is that, even if the abuse of process claim did amount to a Maryland Constitutional tort, it would support only a common law action for damages, not a recovery under § 1983 which, as noted, provides redress only for violations of Federal law. A § 1983 claim may not be based solely on a violation of State law. *Screws v. United States,* 325 U.S. 91, 108–09, 65 S.Ct. 1031, 1038–39, 89 L.Ed. 1495, 1506–07 (1945); *Clark v. Link,* 855 F.2d 156, 161–63 (4th Cir.1988).

**JUDGMENT AFFIRMED, WITH COSTS.**