938 A.2d 57

**Kenneth SCHISLER**

v.

**STATE of Maryland.**

**No. 3033, Sept. Term, 2006.**

Court of Special Appeals of Maryland.

Dec. 31, 2007.

732

734

Gregory M. Kline and Andrew Radding (H. Scott Jones, Adelberg, Rudow, Dorf & Hendler, LLC, on the brief), Baltimore. (David R. Thompson, Brynja M. Booth, Cowdrey, Thompson & Karsten, PC, on the brief), Easton, for appellant.

William F. Brockman (Douglas F. Gansler, Attorney General, on the brief), Baltimore, for appellee.

Panel: JAMES R. EYLER, RAYMOND G. THIEME (Ret., specially assigned) and LAWRENCE F. RODOWSKY (Ret., specially assigned), JJ.

JAMES R. EYLER, J.

Kenneth D. Schisler, individually and as Chairman of the Maryland Public Service Commission (PSC), and on behalf of all members of the PSC similarly situated, and the PSC, appellants,[1] filed a complaint in the Circuit Court for Baltimore City against the State of Maryland, an appellee, challenging, as unconstitutional, certain provisions of legislation enacted by the General Assembly in June, 2006. After the circuit court denied appellants' request for preliminary injunctive relief, appellants appealed to the Court of Appeals, and the Court of Appeals determined that the challenged provisions violated the State Constitution and ordered the circuit court to enter a permanent injunction in favor of appellants. On remand, appellants filed an amended complaint, adding

---

1. On appeal, appellees assert that Mr. Schisler is the only appellant. We need not address that question, however. The Court of Appeals has stated that Mr. Schisler's authority to act on behalf of the other members of the PSC, or the PSC itself, is unclear. *See Schisler v. State,* 394 Md. 519, 523, n. 2, 907 A.2d 175 (2006) (explaining Mr. Schisler's authority to act on behalf of the PSC, or the PSC itself, is unclear, but not deciding the issue). For convenience, we will identify the parties appealing as appellants.

Governor Robert L. Ehrlich, Jr., President of the Senate Thomas V. Mike Miller, Jr., and Speaker of the House of Delegates Michael E. Busch, Jr., additional appellees, and also added new claims, including a claim for attorney's fees incurred in the litigation. Upon motion by appellees, the circuit court dismissed the amended complaint.

On appeal, appellants raise the sole issue of whether the circuit court erred in dismissing their amended complaint. We conclude that the addition of new claims and new defendants was barred by the law of the case doctrine and that the causes of action copied from the original complaint did not support an award of attorney's fees. Thus, we shall affirm.

## Factual Background

### *Procedural History*

Following this overview, we shall address relevant matters in greater detail. On June 26, 2006, appellants filed a complaint against the State of Maryland seeking a declaratory judgment and temporary and permanent injunctive relief against enforcement of certain provisions of legislation enacted during a Special Session of the Maryland General Assembly. The legislation in question, Senate Bill 1 ("S.B. 1"), was enacted on June 23, 2006, in response to anticipated increased energy costs affecting Maryland citizens. Appellants alleged that certain provisions of S.B. 1 violated the Maryland Constitution, Maryland Declaration of Rights, and the United States Constitution. The challenged provisions of the legislation, sections 12 and 22, removed the Chairman and Commissioners of the PSC from office as of June 30, 2006, and provided for their replacement on or after July 1, 2006. *See* 2006 (Special Session) Md. Laws ch. 5, §§ 12, 22.

On the same day they filed their complaint, appellants filed a motion for a temporary restraining order and preliminary injunction. On June 28, the circuit court denied appellants' motion for interim injunctive relief, and appellants noted a direct appeal to the Court of Appeals.

On July 7, the Court of Appeals heard argument and, that afternoon, issued an order enjoining enforcement of sections 12 and 22 of S.B. 1, pending further order of the Court. On September 14, 2006, the court issued a decision in appellants' favor, holding that the challenged provisions violated separation of powers principles under the Maryland Declaration of Rights and Maryland Constitution. Despite the fact that the appeal was from the denial of a preliminary injunction, the Court, presumably concluding that its decision required no further evidentiary proceedings, ordered the circuit court to issue a permanent injunction against enforcement of those provisions. On October 16, 2006, the Court issued its mandate. The Court reversed the decision by the circuit court and remanded the case with instructions to "render a declaratory judgment and permanent injunction consistent with this opinion."

On October 10, 2006, after the Court of Appeals issued its decision, appellants filed an amended complaint. Appellants added as defendants Governor Ehrlich, Senate President Miller, and House Speaker Busch, and also added new claims under state and federal law, including an express request for attorney's fees. On November 27, 2006, appellees moved to dismiss the amended complaint, and on January 27, 2007, the circuit court granted the motion. Appellants then appealed to this Court.

*Senate Bill 1*

On June 14, 2006, the Maryland General Assembly convened a Special Session to address an anticipated 72% increase in energy rates by Baltimore Gas & Electric Company (BG & E). The result of that Special Session was S.B. 1. On June 22, 2006, Governor Ehrlich vetoed the bill, but on June 23, 2006, the General Assembly overrode the veto by a three-fifths majority vote in both the House and Senate. S.B. 1 was an "emergency bill" and became immediately effective pursuant to article II, section 17(d) of the Maryland Constitution. S.B. 1 addressed the anticipated increase in energy rates, created processes by which rate increases could be studied, terminated

the terms of office of the existing Chairman and Commissioners on the PSC, and altered the criteria for appointment to the PSC

The PSC is an independent unit in the Executive Branch of the state government with statutorily conferred duties and powers. *See* Maryland Code (1998, 2007 Supp.) §§ 2–101 and 2–112 of the Public Utility Companies Article. Under the law as it existed prior to enactment of S.B. 1, the five Commissioners were appointed by the Governor, with the advice and consent of the Senate, to five year, staggered terms, beginning on July 1 of the year each was appointed. *See* Maryland Code (1998, 2007 Supp.) § 2–102 of the Public Utility Companies Article. The Governor designated one of the five Commissioners as Chairman, with the advice and consent of the Senate, and the Chairman served a five year term, beginning on July 1 of the year appointed. *See* Maryland Code (1998, 2007 Supp.) § 2–103 of the Public Utility Companies Article. At the time of appellants' suit, all five incumbent Commissioners were duly appointed by the Governor and confirmed by the Senate.

Pursuant to the terms of section 12 of S.B. 1, the term of office of the Chairman and each Commissioner of the PSC was to terminate on June 30, 2006, and on July 1, 2006, the Senate President and the House Speaker were to present two lists of names to the Governor, one list from which the Governor would select a new Chairman, and a second list from which the Governor would select four new Commissioners. *See* 2006 (Special Session) Md. Laws ch. 5, § 12(1)-(2). If the Governor failed to appoint a new Chairman and new Commissioners by July 15, 2006, section 12 provided that the Senate President and the House Speaker would appoint members to the PSC *See id.* § 12(3)(i). Section 12 of S.B. 1 expressly retained the "holdover" provisions in sections 2–102(d)(3) and 2–103(b)(2) of the Public Utility Companies Article, providing that the Chairman and Commissioners remain in their positions until a successor qualifies.

Section 22 of S.B. 1 provided that if any provisions of the act were declared invalid, the provisions were severable. *See*

2006 (Special Session) Md. Laws ch. 5, § 22(a). Section 22 provided specifically that if the provisions in section 12 were held invalid, then the terms of the Chairman and the Commissioners would be eliminated and they would serve at the pleasure of the Attorney General, who was authorized to terminate their service and appoint their successors. *Id.* § 22(b). Section 22 further provided that the Attorney General was to appoint the new Chairman and Commissioners in accordance with the remaining provisions of section 12. *Id.* § 22(c).

## *Allegations in Complaint*

On June 26, 2006, appellants filed a complaint for a declaratory judgment and injunctive relief to prevent implementation of sections 12 and 22 of S.B. 1. In their complaint, appellants claimed sections 12 and 22 of S.B. 1 infringed on the Governor's power to remove civil officers for incompetency or misconduct under Article II, section 15 of the Maryland Constitution, and violated appellants' due process rights under Article 24 of the Maryland Declaration of Rights. Appellants also claimed the removal provisions of S.B. 1 constituted an unlawful bill of attainder under Article I, section 10 of the United States Constitution. The complaint did not contain a claim based on a violation of 42 U.S.C. § 1983. The complaint did not contain an express claim for attorney's fees but did contain a claim for "costs and such other and further relief as the nature of this case may require."

## *Court of Appeals Opinion*

On September 14, 2006, the Court of Appeals reversed the circuit court's denial of appellants' motion for a temporary restraining order and preliminary injunction.[2] In a plurality opinion authored by Judge Dale R. Cathell, joined by Chief Judge Robert M. Bell, Judge Clayton Greene, Jr., and in part,

---

**2.** Prior to issuance of the Court's interim order on July 7, appellants remained in their positions on the PSC pursuant to the "holdover" provisions of the Public Utilities Companies Article that remained in effect under S.B. 1. Subsequent to July 7, appellants remained in their positions pursuant to the Court's injunction.

Judge Alan M. Wilner, the Court concluded that sections 12 and 22(b) and (c) of S.B. 1 violated (1) Article 8 of the Maryland Declaration of Rights, regarding separation of powers among the legislative, executive, and judicial branches of government; (2) Article II, section 1 of the Maryland Constitution, regarding the Governor's power to supervise executive branch employees; (3) Article II, section 9, regarding the Governor's power to execute the laws; and, (4) Article II, section 15, regarding the Governor's power to remove appointed civil officers in the executive branch of government. *See Schisler v. State,* 394 Md. 519, 602–03, 907 A.2d 175 (2006). The Court did not address whether S.B. 1 violated the United States Constitution.

The Court produced three other opinions. In a concurring opinion, Judge Alan M. Wilner concluded that the challenged provisions of S.B. 1 violated Article 8 of the Maryland Declaration of Rights, and Article II, sections 1 and 9 of the Maryland Constitution, although not section 15. *See Schisler,* 394 Md. at 604–06, 907 A.2d 175. In a concurring and dissenting opinion, Judge Glenn T. Harrell Jr., joined by Judge Irma S. Raker, concluded that the challenged provisions of S.B. 1 violated Article 8 of the Maryland Declaration of Rights, but not any provision of the Maryland Constitution. *See id.* at 613–14, 907 A.2d 175. In a dissenting opinion, Judge Lynne A. Battaglia concluded that the circuit court's denial of a temporary restraining order was not appealable, the members of the PSC were not "civil officers" for purposes of Article II, section 15 of the Maryland Constitution and the challenged provisions of S.B. 1 did not violate the Maryland Declaration of Rights or the Maryland Constitution. *See id.* at 631–32, 907 A.2d 175.

None of the concurring or dissenting judges discussed and, thus, did not conclude that S.B. 1 violated the United States Constitution.

### Amended Complaint

Subsequent to issuance of the Court of Appeals' opinions, appellants filed an amended complaint. Appellants added new substantive claims and three new defendants, identified above.

In count I of the complaint, appellants sought a declaratory judgment that the legislation in question violated Article II, section 15 of the Maryland Constitution (separation of powers), Article 24 of the Maryland Declaration of Rights (due process), and Article I, section 10 of the United States Constitution (bill of attainder). Count I remained the same in the amended complaint.

In count II of the complaint, appellants sought injunctive relief, based on the constitutional violations alleged in Count I. Appellants requested the court to issue a temporary and permanent injunction and also requested the award of "costs and such and further relief as the nature of this case may require." Count II of the amended complaint was essentially the same except that appellants added an express claim for "attorneys' fees."

In the amended complaint, appellants added a count III and a count IV. In count III, appellants asserted a 42 U.S.C. § 1983 action for violation of their federal civil rights. In count IV, appellants asserted a violation of Articles 16 and 25 of the Maryland Declaration of Rights, regarding the prohibition against cruel and unusual punishment, and Article 24, regarding their due process rights. In counts III and IV, appellants sought "reasonable attorney's fees, costs, and any further damages or relief to which Plaintiffs may be entitled."

### Appellees' Motion to Dismiss

On November 27, 2006, appellees moved to dismiss or, in the alternative, strike the amended complaint. Appellees made the following arguments in support of their motion: (1) all of the equitable claims were moot and thus there was no civil right to enforce under 42 U.S.C. § 1983; (2) the amendment was untimely and barred by Rule 8–604(d); (3) the amended complaint failed to state a cause of action in counts I and II because the matter had been determined; only the State was named, the State was not a "person" under § 1983, and thus could not be liable; (4) the amended complaint failed to state a cause of action in count III, because the State was not a "person" under § 1983; § 1983 did not apply to state

constitutional violations; the factual allegations were insufficient regarding Governor Ehrlich, Senate President Miller, and House Speaker Busch; and each official was immune from suit; and (5) appellant failed to state a cause of action in count IV because of failure to give notice under the Maryland Tort Claims Act; insufficient factual allegations to state a constitutional claim against Governor Ehrlich, Senate President Miller, or House Speaker Busch; and a state constitutional violation does not support an award of attorney's fees.

### Circuit Court's Rulings

On November 29, 2006, after remand, the circuit court entered a declaratory judgment and permanent injunction in accordance with the Court of Appeals' mandate. The circuit court declared (1) sections 12 and 22(b) and (c) of S.B. 1 unconstitutional, null, and void, (2) permanently enjoined the State from enforcing those provisions of the bill, and (3) ordered the State to pay appellants' costs, pursuant to the Court of Appeals mandate, totaling $1,959.60.

On January 22, 2007, the circuit court heard arguments on appellees' motion to dismiss appellants' amended complaint. At argument, counsel for appellants stated that the only damages they were seeking in the amended complaint were costs and attorney's fees incurred in litigation. On January 27, 2007, the circuit court granted appellees' motion to dismiss the amended complaint, on all the bases asserted by appellees in their motion to dismiss. Appellants appealed the dismissal of their amended complaint to this Court.

### Discussion

### Standard of Review

Under Maryland Rule 2–322(b)(2), a defendant may seek dismissal of a complaint if the complaint fails "to state a claim upon which relief can be granted." The standard for reviewing the grant of a motion to dismiss is whether the trial court was legally correct. *Fioretti v. Md. State Bd. of Dental Exam'rs,* 351 Md. 66, 71, 716 A.2d 258 (1998) (citations omit-

ted). In reviewing the grant of a motion to dismiss, "we must determine whether the complaint, on its face, discloses a legally sufficient cause of action." *Id.* at 72, 716 A.2d 258 (citations omitted). In reviewing the complaint, we must "presume the truth of all well-pleaded facts in the complaint, along with any reasonable inferences derived therefrom." *Id.* (citations omitted). The above applies to a motion to dismiss an amended complaint.

### The Merits

■ Appellants contend the amended complaint was timely. They rely on case law stating that amendments are liberally allowed under Rule 2–341, and that there was no showing of prejudice to appellees.[3] In response, appellees contend that appellants already received the relief they sought, any new theories are duplicative and moot or barred by Rule 8–604 and the law of the case doctrine, and appellees are immune from suit. Appellants disagree.

■ The law of the case doctrine is a rule of appellate procedure. *See Scott v. State,* 379 Md. 170, 183, 840 A.2d 715 (2004) (citations omitted). Under the doctrine, a "ruling of an appellate court upon a question becomes the 'law of the case' and is binding on the courts and litigants in further proceedings in the same case." *Acting Dir., Dep't of Forests & Parks v. Walker,* 39 Md.App. 298, 301, 385 A.2d 806 (1978), *aff'd,* 284 Md. 357, 396 A.2d 262 (1979). The function of the law of the case doctrine is to prevent piecemeal litigation. *See Reier v. State Dep't of Assessments & Taxation,* 397 Md. 2, 21, 915

---

**3.** Appellants contend that Rule 2–341 permitted the amendment but does not contemplate a motion to dismiss. This is incorrect. A defendant can move to dismiss an amended complaint, just as an original complaint, to the extent there are viable defenses that can be raised by motion. Moreover, Rule 2–341 expressly contemplates a motion to strike. Appellees' motion was framed as a motion to dismiss or, in the alternative, a motion to strike. *See Lanasa v. Beggs,* 159 Md. 311, 318, 151 A. 21 (1930) (explaining that after plaintiff's filing of an additional plea, a proper motion would be to strike the plea or challenge the legal sufficiency by demurrer), *overruled on other grounds by Morgan v. Cohen,* 309 Md. 304, 523 A.2d 1003 (1987).

A.2d 970 (2007) (citations omitted). The Court of Appeals defined the doctrine in *Fidelity–Baltimore National Bank & Trust Co. v. John Hancock Mutual Life Insurance Co.,* 217 Md. 367, 142 A.2d 796 (1958), explaining:

> [Litigants] cannot prosecute successive appeals in a case that raises the same questions that have been previously decided by this Court in a former appeal of that same case; and, furthermore, they cannot, on the subsequent appeal of the same case raise any question that could have been presented in the previous appeal on the then state of the record, as it existed in the court of original jurisdiction. If this were not so, any party to a suit could institute as many successive appeals as the fiction of his imagination could produce new reasons to assign as to why his side of the case should prevail, and the litigation would never terminate. Once this Court has ruled upon a question properly presented on an appeal, or, if the ruling be contrary to a question that could have been raised and argued in that appeal on the then state of the record, as aforesaid, such a ruling becomes the "law of the case" and is binding on the litigants and courts alike, unless changed or modified after reargument, and neither the questions decided nor the ones that could have been raised and decided are available to be raised in a subsequent appeal.

217 Md. at 372, 142 A.2d 796.

In *John Hancock,* an employee of John Hancock Mutual Life Insurance Company presented false insurance claims to John Hancock Mutual on behalf of fictitious payees. John Hancock Mutual issued checks to these fictitious claimants, which were forwarded to the employee, who then forged the endorsements of the fictitious claimants on the back of each check, deposited the checks in several banks, and thereafter withdrew the money. John Hancock Mutual learned of the fraud and eventually brought suit against the collecting banks for honoring the forged checks. 217 Md. at 370, 142 A.2d 796. The trial court dismissed the complaint on the pleadings. On appeal, the Court of Appeals reversed, and held that the stipulation of facts by the parties entitled John Hancock

Mutual to summary judgment. On remand, the trial court entered summary judgment in favor of John Hancock Mutual. *Id.* at 371, 142 A.2d 796.

On a second appeal by the collecting banks, they raised two questions: first, whether a collecting bank is liable to the drawer of a check issued to a fictitious payee if the drawer is unaware of the fictitious payee and the check bears a fraudulent endorsement; and second, whether the "imposter rule" barred John Hancock Mutual from recovery. *Id.* As to the first question, the Court of Appeals explained this question was raised in the first appeal and was specifically answered. As to the "imposter rule" defense, the court explained that although this issue was not raised in the previous appeal, there was "no doubt that it was available in that proceeding as a ground to sustain the demurrers, if it be available here to defeat the judgments obtained by the appellee." *Id.* As a result, the Court held that both issues had already been settled in the first appeal under the law of the case doctrine. *Id.* at 372, 142 A.2d 796.

■ Thus, the rule of *John Hancock* is that under the law of the case doctrine, litigants cannot raise new defenses once an appellate court has finally decided a case if these new defenses could have been raised based on the facts as they existed prior to the first appeal. *See id.* at 371–72, 142 A.2d 796. *See also Davis Sand & Gravel Corp. v. Buckler,* 231 Md. 370, 373–74, 190 A.2d 531 (1963) (holding defendant that won at trial on issue of whether it had right to use easement, but then lost on appeal, could not on remand raise the issue of whether damages were proved at trial when this question could have been raised on a motion for reargument).

■ Just as the law of the case doctrine prevents litigants from raising new defenses following an appellate court's final decision on the case if the new defenses could have been raised on the facts as they existed before the appeal, it follows that the doctrine should also prevent litigants from raising new claims after the appeal if the claims arise from the facts as they existed before the appeal. *See Pasarew Constr. Co. v.*

*Tower Apartments, Inc.*, 208 Md. 396, 404, 118 A.2d 678 (1955) (holding plaintiff could not on remand raise issue of whether interest should be added to award following appellate court's mandate that award be increased by $4,000 without other changes, because question of additional allowance for interest was concluded). In other words, once an appellate court has finally decided a case based upon a set of facts, if the facts on remand remain unchanged, the appellate court's holding is the law of the case and it precludes consideration of new claims that may arise from those same facts. To hold otherwise would allow piecemeal litigation. *See Grant v. Katson*, 261 Md. 112, 113–14, 274 A.2d 88 (1971) (explaining that trial court's findings of fact and determination of liability of defendant neighbor for increasing and diverting the flow of surface waters onto plaintiff's neighboring property was the law of the case for purpose of determining whether ancillary injunctive relief was appropriate); *Beane v. Prince George's County*, 20 Md.App. 383, 396–97, 315 A.2d 777 (1974) (holding the trial court on remand from Court of Appeals could not disregard or reach conclusions contrary to factual matters already determined by the jury, and that based upon those facts, plaintiffs were entitled to more complete injunctive relief than they were granted by the trial court on remand). For a recent review of the law of the case doctrine, see *Reier v. State Dept. of Assessments and Taxation*, 397 Md. 2, 20–26, 915 A.2d 970 (2007).

In the case before us, the facts alleged in appellants' amended complaint and original complaint are the same. Appellants did not allege new facts in the amended complaint on the ground that they were mistaken as to the originally alleged facts or that they became aware of new facts. We express no opinion with respect to the applicability of the law of the case doctrine in that hypothetical situation. Appellants added new defendants, federal and state claims, and a claim for attorney's fees to the amended complaint. They could have included the additional defendants, new federal and state claims, and new claim for relief in their original complaint, but did not. The Court of Appeals addressed the merits of the

claims in appellants' original complaint, and issued a final judgment on the merits. The Court issued a mandate requiring the circuit court to enter a declaratory judgment and permanent injunction consistent with the Court's opinion, and the circuit court did so.

The Court of Appeals' judgment is the law of the case as to the facts alleged in appellants' original complaint. Without pleading additional facts, appellants cannot now add new defendants and claims after the Court of Appeals' judgment. This would be contrary to the law of the case, and would, in effect, permit piecemeal litigation. Consequently, the court did not err in dismissing appellants' amended complaint as to new defendants and new substantive claims.

*Recovery of attorney's fees based on original allegations*

Having determined that appellants' amended complaint was properly dismissed under the law of the case doctrine with respect to new defendants and new substantive claims, we now consider whether appellants can recover fees based upon the allegations that were copied from the original complaint.

Appellants contend that their claim for fees was encompassed within the claims for relief in the original complaint; the circuit court never lost its jurisdiction while the denial of the request for the preliminary injunction was on appeal; and on remand, the circuit court was free to address the claim. Appellants contend that their original complaint should be construed as a 42 U.S.C. § 1983 claim, and as a result, they are entitled to recover attorney's fees under 42 U.S.C. § 1988, even if their claim for attorney's fees was not within the original claims for relief, because § 1988 provides a basis for recovery of fees even if not expressly pled.

First, there is substantial authority that attorney's fees did not have to be expressly pled as an element of recovery, in conjunction with the substantive causes of action. *See B & P Enters. v. Overland Equip. Co.*, 133 Md.App. 583, 621–22, 758 A.2d 1026 (2000) (holding an express request for attorney's fees in plaintiff's complaint was not necessary to recovery of

fees in breach of contract action); *Mercedes–Benz of N. Am., Inc. v. Garten,* 94 Md.App. 547, 568, 618 A.2d 233 (1993) (holding an express request for attorney's fees was not necessary to recovery in an action brought under the Maryland Consumer Protection Act). Generally, in the context of appealability and whether a final judgment exists for that purpose, claims for attorney's fees are considered to be collateral to the principal action. *See County Executive of Prince George's County v. Doe,* 300 Md. 445, 451 n. 4, 479 A.2d 352 (1984) (explaining that a claim for attorney's fees under 42 U.S.C. § 1988 is viewed as being collateral to an action brought under 42 U.S.C. § 1983); *Garten,* 94 Md.App. at 568, 618 A.2d 233 (explaining that a claim for attorney's fees is viewed as being collateral to an action brought under Maryland's Consumer Protection Act); *Larche v. Car Wholesalers, Inc.,* 80 Md.App. 322, 326–28, 562 A.2d 1305 (1989) (explaining that a claim for attorney's fees is viewed as being collateral to an action brought under the Magnuson–Moss Act).[4]

 Therefore, we will assume that appellants' request for costs and other and further relief was sufficient to permit recovery of attorney's fees, as a matter of pleading, assuming there was a valid substantive basis for recovery.[5]

 Appellants' difficulty is that there is no substantive basis upon which to award attorney's fees. Maryland applies the "American Rule" regarding recovery of attorney's fees, under which the prevailing party in a lawsuit may not

---

**4.** An exception to the rule that a claim for fees is considered to be collateral to the principal action, in the context of whether a final judgment exists, is when the fee claim is based on an express provision in a contract. *See G–C P'ship v. Schaefer,* 358 Md. 485, 488, 749 A.2d 823 (2000); *N. Assurance Co. of Am. v. EDP Floors, Inc.,* 311 Md. 217, 221–22, 533 A.2d 682 (1987); *Mattvidi Assocs. P'ship v. NationsBank of Va.,* 100 Md.App. 71, 78 n. 1, 639 A.2d 228 (1994).

**5.** It should be noted that court costs, which are normally awarded by a court to the prevailing party under Maryland Rule 2–603, are limited and do not include attorney's fees. *See Bahena v. Foster,* 164 Md.App. 275, 291, 883 A.2d 218 (2005) (explaining " 'costs,' under Md. Rule 2–603, do not include either attorney's fees or expert witness fees").

recover attorney's fees as an element of damages or costs, unless there is a recognized exception. *Thomas v. Gladstone,* 386 Md. 693, 699, 874 A.2d 434 (2005). The exceptions to the American Rule under Maryland law are:

(1) the parties to a contract have an agreement to that effect,

(2) there is a statute that allows the imposition of such fees,

(3) the wrongful conduct of a defendant forces a plaintiff into litigation with a third party, or (4) a plaintiff is forced to defend against a malicious prosecution.

*Id.* (citations omitted).

This Court is not aware of any common law rule permitting recovery of attorney's fees for violations of the Maryland Constitution. *See Bahena v. Foster,* 164 Md.App. 275, 289, 883 A.2d 218 (2005) (explaining the four general exceptions to the American Rule and noting exceptions to the American Rule "are quite rare under Maryland common law").

In their complaint, appellants alleged violations of Article II, section 15 of the Maryland Constitution, regarding separation of powers; Article 24 of the Maryland Declaration of Rights, regarding appellants' due process rights; and, Article I, section 10 of the U.S. Constitution, regarding unlawful bills of attainder. The State was the only named defendant. The Court of Appeals decided the case solely on state law grounds.

■■■ With respect to appellants' § 1988 claim, as this Court explained in *Maryland Green Party v. State Board of Elections,* § 1988 allows a plaintiff to recover attorney's fees "when he has asserted federal and state law claims for the same relief; has prevailed solely on the state claim, and the federal claim is undecided." 165 Md.App. 113, 125, 884 A.2d 789 (2005) (citations omitted), *cert. denied,* 390 Md. 501, 889 A.2d 418 (2006). In determining whether attorney's fees should be awarded under § 1988 for an undecided federal claim, we apply a three-part test: (1) the § 1983 claim must be sufficiently "substantial" to support invocation of federal jurisdiction, (2) it arises from the same nucleus of operative facts as the claim on which the plaintiff prevailed, and (3) it is

reasonably related to the plaintiff's ultimate success. *Id.* at 126, 884 A.2d 789.

Even if appellants' undecided bill of attainder claim satisfies the three-part test outlined in *Maryland Green Party,* which is very doubtful, appellants cannot recover under § 1988 because the State was the only named defendant, and a state is not a "person" within the meaning of § 1983. *See Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989); *Ritchie v. Donnelly,* 324 Md. 344, 355, 597 A.2d 432 (1991). Appellants are correct in stating attorney's fees can be recovered from a state under § 1988 in an action for injunctive relief when state officials are sued in their official capacities. *See Hutto v. Finney,* 437 U.S. 678, 700, 98 S.Ct. 2565, 57 L.Ed.2d 522 (1978) (holding attorney's fees could be recovered from state department of corrections after state prisoners prevailed in their official-capacity suit for injunctive relief against state prison officials). But without naming as a defendant a state official acting in his or her official capacity, there can be no recovery of fees against the State itself under § 1988. *See Kentucky v. Graham,* 473 U.S. 159, 171, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985) (holding "[o]nly in an official-capacity action is a plaintiff who prevails entitled to look for relief, both on the merits and for fees, to the governmental entity" and that because respondents' suit could only be litigated as a personal-capacity action, the award of fees against state was improper). Therefore, because appellants' original complaint named only the State as a defendant, they have no substantive basis on which to recover fees against appellees.

## Conclusion

We hold (1) it was not error to dismiss appellants' amended complaint because the law of the case doctrine precluded appellants from adding new defendants and claims in their amended complaint without additional facts, once the Court of Appeals had finally decided the claims in appellants' original complaint; (2) appellants alleged no valid substantive basis for

recovery of attorney's fees, to the extent the amended complaint repeated the original complaint.

**JUDGMENT AFFIRMED. COSTS TO BE PAID BY APPELLANTS.**